[Sloss-Sheffield S. & I. Co. v. Dorman, Admr.]

# Sloss-Sheffield S. &. I. Co. *v.* Dorman, Admr.,

*Damages for Causing Overflow of Land.*

(Decided April 15, 1909.   49 South. 242.)

*Limitation of Action; Accrual of Right of Action; Overflowing Lands.*—In an action for injuries to land from overflow caused by the neglect of the railroad company to keep open culverts lawfully erected, limitations begin to run from the time of the injury and not from the time of the construction of the railway.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by H. T. Dorman against the Sloss-Sheffield Steel & Iron Company. From a judgment for plaintiff defendant appeals. Affirmed.

The plea under discussion is plea No. 4, and is as follows: "Defendant, for further answer to the complaint, and to each count separately and severally, says that the defendant, at a time more than 10 years before the commencement of this action and the time of the grievances complained of, constructed the said trestle, culverts, openings, and embankments along and near the plaintiff's said land in the way and manner complained of in said complaint for the passage of water which had to flow through, and for the drainage of the plaintiff's said land, and committed at said time the other grievances charged in the complaint; and defendant avers that since the original construction of said trestle, culverts, and openings, the defendant has continued to maintain said obstructions up to the time of the commencement of this suit, with the same effect of overflowing and damaging plaintiff's land in time of high water, and to the same extent during the said period of 10

159—21

years as to the time this suit was brought and the griev-
ances complained of occurred, of which plaintiff made
no complaint, but acquiesced therein; and the defendant
avers that during the said period of 10 years before the
commencement of this suit the defendant claimed the
right to maintain, and did maintain, the said pipes, cul-
verts, and openings near the plaintiff's said property
openly, notoriously, adversely to the plaintiff and all
the world, and under claim of right to do so, and has
thereby now acquired by prescription or adverse pos-
session the right as against the plaintiff to so main-
tain its said trestle, culverts, and openings with effect,
causing the water to overflow plaintiff's said land as al-
leged in the complaint was done."

TILLMAN, GRUBB, BRADLEY, and MORROW, and CHAR-
LES E. RICE, for appellant. The court erred in sustaining
appellee's demurrer to the appellant's 4th plea.—*Shahan
v. A. G. S. R. R. Co.,* 115 Ala. 181.

SAM WILL JOHN, for appellee. The question discussed
by appellant is settled adversely to its contention in the
case of *S. A. & M. Ry. Co. v. Buford,* 106 Ala. 813.

DENSON, J.—This is an action by H. T. Dorman
against the Sloss-Sheffield Steel & Iron Company to re-
cover damages for injury to the plaintiff's land, conse-
quent to the overflow thereon of surface water. Such
damage is alleged to have been caused by the neglect of
the defendant to keep open the waterways or culverts
under its railroad, through which flowed the waters of
a stream that naturally drained the surface water from
plaintiff's land, in that the waters of this stream, be-
ing by such negligence checked, obstructed, and prevent-
ed from freely flowing away, were thrown back upon

the plaintiff's land, so submerging it and depositing re-
fuse matter thereon as to depreciate its value. The in-
juries complained of are averred to have occurred in the
years 1904 and 1905, and the action was begun on July
7, 1905. The defendant suffered judgment in the court
below, and therefrom to this court brings his appeal.

The only question submitted for decision by the as-
signment of errors is the sufficiency or not of plea 4, by
which defendant sought in the trial court to set up a pre-
scriptive right in bar of the action, acquired by adverse
user of 10 years. The appellant contends that, accord-
ing to the rulings made in *Shahan v. Alabama Great
Southern Railroad Co.*, 115 Ala. 181, 22 South. 449, 67
Am. St. Rep. 20, the plea is sufficient, and the court
erred in sustaining the demurrer thereto. On the other
hand, appellee contends that the judgment on the de-
murrer finds full support in the case of *S. A. & M. R. R.
v. Buford*, 106 Ala. 303, 17 South. 395. These are the
only authorities cited in briefs of counsel.

We are not driven to the necessity of overruling either
of the cases cited, for they are not in conflict. In the
*Shahan Case* the gravaman of plaintiff's cause of action
consisted in the negligent construction of the embank-
ments and culverts complained of. Of the complaint the
court said: "The gist of the complaint is the averred
negligence of the defendant in failing to construct and
maintain sufficient openings for the passage of the water
which fell on that day." It was held on that occasion
that 10 years' adverse user, properly pleaded, would be
sufficient answer to the cause of action alleged, which
cause of action, as we have shown, proceeded upon the
theory of negligence in the construction of the embank-
ment and culverts, by which they were necessarily ren-
dered injurious. In the case in judgment the complaint
alleges no negligence in the construction of the water-

ways or culverts under defendant's railroad, but the gravamen of it is that defendant allowed its waterways and culverts to become filled up, and that their capacity for carrying off the water was decreased by defendant's permitting them to become so clogged. So far as the waterways and culverts, in themselves, are concerned, they were amply sufficient, in their manner of construction and their dimensions, to carry off all the water, and were therefore not necessarily injurious, or invasive of the rights of others, and of themselves afford no cause of action.

In this state of the case, according to the ruling made in *S. A. & M. Railway v. Buford, supra,* whatever of legal injury may result from the failure to keep open the waterways or culverts "furnishes a cause of action accruing when the injury occurs, and then the statute of limitations commences to run, and there may be as many successive suits and recoveries as there are successive injuries." In other words, as was said in the *Buford Case,* the waterways and culverts "were lawful structures, lawfully erected, and furnished plaintiff no cause of action. Plaintiff's legal injury, which gave him a cause of action, was coincident with the overflow of his land," caused by the filling up of the waterways or culverts, "and it is from the happening of the injury the statute of limitations commenced to run."—*Polly v. McCall,* 37 Ala. 20.

It follows that the plea is insufficient, and that the court properly sustained the demurrer thereto.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.