(75 South. 958)

ALABAMA GREAT SOUTHERN R. CO. v. McENIRY.  (6 Div. 529.)

(Supreme Court of Alabama.   May 17, 1917. Rehearing Denied June 21, 1917.)

LIMITATION OF ACTIONS ⊕⇒55(7) — ACCRUAL OF RIGHT OF ACTION—INJURIES BY FLOW-
AGE.

Limitations against an action for injuries caused by defendant railroad's culverts backing up water on plaintiff's land runs from time the injury occurred, and not from the date the culverts were constructed, where there is no allegation that the construction was negligent.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 305.]

Appeal from Bessemer City Court; J. C. B. Gwin, Judge.

Action by J. H. McEniry against the Alabama Great Southern Railroad Company. Judgment for plaintiff, and defendant appealed to the Court of Appeals, which transferred the cause to the Supreme Court under Acts 1911, § 6, p. 449.  Affirmed.

The cause was tried upon count 1 of the complaint, the plea of general issue, and the plea of the statute of limitations of one year. Verdict was rendered by the jury against the defendant in the sum of $50, and judgment entered accordingly.  Count 1 of the complaint reads as follows:

"Plaintiff claims of the defendant the sum of $1,500 damages in this: That during and prior to the month of April, 1915, plaintiff was owner in fee simple of the following described real estate: Lots 1 and 2 in block 179, measuring 50 feet each on Arlington avenue and extending back of uniform width 140 feet to an alley, with appurtenances thereto.  That the appurtenances consist mainly of six 'Bessemer Standard' negro houses, which accommodate 12 tenants.  The defendants maintained culverts insufficient or too small to carry off the water flowing in a branch or running stream near the above-described property, and on account of said culverts being too small, during the month of April or May, 1915, after a heavy rain, the water from said stream was backed up or overflowed upon the above-described property to the injury of the plaintiff in the above amount. That on account of said backwater or overflow said property became undesirable as residence property and almost untenantable.  That it was made less valuable and the market value greatly decreased.  That the rents therefrom were greatly decreased or reduced.  That on account of said overflow or backwater plaintiff's tenants moved out of said houses.  That plaintiff's agent on account thereof was unable to get persons or tenants to occupy said premises.  That the houses were rendered undesirable from tenancy because of water flowing through and under said houses and the standing water under and around said houses.  That said water caused to be deposited on and in said houses quantities of mud and filth, and said houses were thereby made to decay, and the foundations thereof weakened; that said houses have been reduced greatly in value and rendered less desirable as rental property."

Plea 3 filed by the defendant is as follows:

"That this defendant constructed its embankment and culvert complained of more than ten years prior to the injury complained of, and has maintained them continuously since in the same condition, and that like effects resulted by reason of the said embankments and culverts, to wit, the overflow of water to the same extent have occurred at intervals during the ten years of which the plaintiff made no complaint, but acquiesced therein."

Some of the assignments of demurrer directed to plea 3 are: (3) That said plea does not set out sufficient facts to entitle the defendant to prescription; (6) that said plea does not set out that any injury was done plaintiff by said construction of said embankment; (7) but for all that appears no injury was done this plaintiff during any time since the construction of said embankment; (9) that said plea does not deny or avoid the facts set out in the complaint; and (10) that said plea does not allege such facts as would

entitle them to an easement by adverse possession.

The demurrer to plea 3 was sustained. From the judgment rendered, the defendant prosecutes this appeal, and assigns this ruling of the court as error.

A. G. & E. D. Smith, of Birmingham, for appellant. McEniry & McEniry, of Bessemer, for appellee.

GARDNER, J. The only ruling of the court here insisted upon as error by counsel for appellant (defendant) is the action of the court in overruling the demurrer to plea 3. The complaint does not charge any negligence in the construction of said culverts, nor, indeed, does it charge negligence at all. And from all that appears in said complaint the construction of said culverts was a proper exercise of a lawful right. It is charged that the culverts were, as subsequently maintained, insufficient or too small to carry off the water.

Plea 3 merely sets up the construction of the culverts more than ten years prior to the injury complained of, and that they have been continuously maintained in the same condition, and further that water has overflowed to the same extent at intervals during said time, of which plaintiff made no complaint. The plea does not allege that any injury was suffered by the plaintiff from the occasional overflow.

In the situation thus presented by the pleadings the plaintiff's cause of action arose when the injury occurred, and the statute of limitations then commenced to run. The plea attempted to set up a prescriptive right in bar of the action acquired by adverse user of ten years. The action of the court in sustaining the demurrer to said plea is fully supported by the case of Sloss-Sheffield Steel & Iron Co. v. Dorman, Adm'r, 159 Ala. 321, 49 South. 242, as well also as the reasoning in the case of Polly v. McCall, 37 Ala. 20, cited therein. See, also, in this connection, Savannah, A. & M. R. R. v. Buford, 106 Ala. 303, 17 South. 395; West Pratt Coal Co. v. Dorman, 161 Ala. 389, 49 South. 849, 23 L. R. A. (N. S.) 805, 135 Am. St. Rep. 127, 18 Ann. Cas. 750; Kelley v. Shropshire, 75 South. 291;[1] Stouts Mountain Co. v. Ballard, 195 Ala. 283, 70 South. 172.

The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.