(92 South. 894)

## CORONA COAL CO. v. WILLINGHAM.
### (6 Div. 539.)

(Supreme Court of Alabama. Jan. 19, 1922.
Rehearing Denied May 4, 1922.)

**Appeal and error ⬤⟿1005(2)—Denial of venire de novo not disturbed.**

Where, in a suit for damage to the surface by a coal-mining company, it appears on appeal that the testimony for plaintiff authorized the jury to find that damage was caused by defendant as alleged, error cannot be properly affirmed of the trial court's action in allowing the verdict for plaintiff to stand, as against motion for venire de novo.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Action by J. C. Willingham against the Corona Coal Company. From an order refusing to set aside a judgment for plaintiff, defendant appeals. Affirmed.

A. F. Fite, of Jasper, for appellant.

The court erred in overruling motion for a new trial. 206 Ala. 156, 89 South. 624; 105 Ala. 589, 17 South. 182; 205 Ala. 537, 88 South. 663; 18 Ala. App. 23, 88 South. 454; 148 Ala. 491, 42 South. 749; 205 Ala. 59, 87 South. 596.

L. D. Gray, of Jasper, for appellee.

There was no error in the action of the court in overruling defendant's motion for a new trial. 194 Ala. 175, 69 South. 601; 150 Ala. 562, 43 South. 840; 150 Ala. 659, 43 South. 796; 156 Ala. 462, 47 South. 342; 141 Ala. 551, 37 South. 738; 129 Ala. 286, 29 South. 548.

SAYRE, J. Willingham sued the Corona Coal Company, alleging that defendant had mined coal under the surface of his freehold in such manner that his subjacent support had been impaired and the upper soil caused to crack and settle, destroying plaintiff's water supply and otherwise damaging his premises. West Pratt Coal Co. v. Dorman, 161 Ala. 389, 49 South. 849, 23 L. R. A. (N. S.) 805, 135 Am. St. Rep. 127, 18 Ann. Cas. 750.

One question only needs to be considered, and that is whether the verdict was so palpably wrong that the trial court should have awarded a venire de novo. The evidence has been submitted to the court, and the opinion prevails that it sufficed to support the verdict and the judgment thereon. Defendant contended that the damage to plaintiff's freehold had been caused by mining done by its predecessor in title some years before, and it is natural to suppose that its engineers were in a position to know more about the intimate facts than plaintiff and his witnesses; but it cannot be doubted that, if plaintiff's testimony is to be given full credit, the jury were authorized to find that the damage to his property was caused by defendant as alleged in the complaint—that is, that defendant was negligent in and about its mining of coal, or in the manner of leaving and maintaining proper and sufficient support for the surface. The trial court saw the witnesses, and the court here is of the opinion that, on this record, error cannot properly be affirmed of the trial court's action in allowing the verdict to stand. Cobb v. Malone, 92 Ala. 630, 9 South. 738.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.