(104 So. 799)
## CORONA COAL CO. v. HENDON.
### (6 Div. 416.)

(Supreme Court of Alabama. June 11, 1925.)

1. **Landlord and tenant ⬿49(2)—Landlord not entitled to recover for tenant's failure to heat building without alleging tender or payment of proportionate cost of running heating plant.**

Under lease of building providing that tenant should have control of heating plant, and cost of running should be proportioned according to volume of building in possession of each party, landlord *held* not entitled to recover for tenant's failure to heat building without alleging payment or tender of his proportionate cost of running heating plant.

2. **Landlord and tenant ⬿55(2)—Tenant, materially changing or permitting material changes in rented building, is guilty of waste.**

Tenant, who without authority materially changes or permits material changes in rented building, is guilty of waste.

3. **Landlord and tenant ⬿55(3)—Landlord not entitled to recover for tenant's misuse of heating plant without alleging tender or payment of his proportionate cost of running same.**

Under lease of building providing that tenant should have management of heating plant, and that cost of running same should be proportioned according to volume of building in possession of each party, landlord *held* not entitled to recover for tenant's misuse of heating plant without alleging payment or tender of his proportionate cost of running same.

4. **Limitation of actions ⬿55(5)—Limitations for recovery of consequential damages run from time when injury happens or damage accrues.**

Limitations as to recovery of consequential damages begin to run when injury happens or damage accrues, and not from date of act causing injury or damage.

5. **Landlord and tenant ⬿49(1)—Lease held not breached by tenant's failure to heat building.**

Lease, requiring tenant to heat premises leased, was not breached by failure to heat building, if heating plant was in a defective condition, and by reason thereof tenant was deprived of its use, and landlord, after leasing building, rendered heating plant incapable of heating building, and tenant offered to repair heating plant, which offer landlord refused.

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Landlord and tenant ⬅⟲49(1)—Lease not breached by tenant's failure to heat building.**

Lease, requiring tenant to heat premises leased, was not breached by failure to heat building, if heating plant was not sufficient or was not in condition to heat building at time it was turned over to tenant.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action for breach of contract by T. S. Hendon against the Corona Coal Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Pleas 5, 6, 7, 9, and 10 are pleas of set-off and recoupment, and allege (5, 6, 7) that the heating plant was in a defective condition at the time the premises were leased, which fact was known to plaintiff, and that by reason of such defect defendant was deprived of the use of same, and put to the expense, trouble, inconvenience, and delay of making other arrangements for heating, to its damage, etc.; (9) that, after leasing the building, plaintiff made additions thereto and made additional connections to the heating plant, thereby increasing the load to such an extent as to render the heating plant incapable of heating the building, and rendering it necessary for defendant to make other arrangements, etc.; and (10) that defendant offered to repair the heating plant, which offer plaintiff refused, making it necessary for defendant to make other arrangements, etc.

Pleas 11 and 12 allege that the heating plant was not sufficient or was not in condition to heat the building at the time it was turned over to defendant.

A. F. Fite, of Jasper, for appellant.

Counsel discuss the questions treated in the opinion, but without citing authorities.

Bankhead & Bankhead, of Jasper, and W. F. Finch, of Lake Worth, Fla., for appellee.

Each of the counts, being based upon a breach of an express or implied covenant of the lease, was sufficient. Nave v. Berry, 22 Ala. 382; F. W. Woolworth Co. v. Nelson, 204 Ala. 164, 85 So. 449; 35 C. J. 1221; U. S. v. Bostwick, 94 U. S. 53, 24 L. Ed. 65; Pearson v. Sullivan (Mich.) 176 N. W. 597, 9 A. L. R. 445, note; Abel v. Wuesten, 141 Ky. 766, 143 Ky. 513, 133 S. W. 774, 136 S. W. 867, Ann. Cas. 1912C, 391. Plea 3 was no answer to the complaint. West Pratt Coal Co. v. Dorman, 161 Ala. 389, 49 So. 849, 23 L. R. A. (N. S.) 805, 135 Am. St. Rep. 127, 18 Ann. Cas. 750; Savannah R. Co. v. Buford, 106 Ala. 303, 17 So. 395; Sloss Co. v. Dorman, 159 Ala. 321, 49 So. 242; Parsons v. T. C. I. Co., 186 Ala. 84, 64 So. 591; Polly v. McCall, 37 Ala. 20; Tutwiler Co. v. Nichols, 146 Ala. 364, 39 So. 762, 119 Am. St. Rep. 34; Ala. F. & I. Co. v. Vaughn, 203 Ala. 461, 83 So. 323. Where the defense is probable under the general issue, it is not error to sustain demurrer to special pleas.

THOMAS, J. Count 2 of the complaint is based on the alleged discontinuance of the operation of a heating plant in the basement of a building, and alleges that as a proximate result thereof the upstairs of said building was not reasonably heated, so that plaintiff and his family were caused to suffer from cold, and plaintiff was put to cost and inconvenience in securing other necessary heat to make the "upstairs habitable during the cold weather."

Grounds of demurrer challenge that count, and also count 6, in averment of contract obligation, or necessary implication therefrom, or duty in the premises on the part of defendant to operate the steam-heating plant so as to furnish the required heat for the comfort of the whole building. The averment as to this set up from the contract exhibited in count 2 is:

"That the said party of the second part [appellant] shall have the management and control of the steam-heating plant located in the basement; the cost of running same to be proportioned according to the volume of the building in possession of each party.

"Upon the execution of said contract Birmingham Fuel Company took possession of that part of the brick building described in said lease, and subsequently assigned all of its rights and interest in said lease and building to the defendant. The defendant took possession of the ground floor and basement containing the heating plant under said lease, and is still in possession. The plaintiff says that the defendant took charge of the steam-heating plant located in the basement, but thereafter discontinued operating said steam-heating plant; defendant breached its implied covenant under said contract to take reasonable care of said leased premises. * * *

"The steam heating plant was used for heating both the ground floor of the building and the up stairs of the building occupied by the plaintiff as a residence and used for a hotel. The defendant undertook to heat said building by piping steam from its mines to said building instead of using the steam-heating plant. Plaintiff says that the pipes used were too small. * * *"

[1] This was a sufficient averment of the binding contract and duty in the premises as to the heating of said building, provided that plaintiff kept his part of the contract by payment or due tender to defendant of his part of the "cost of running"—"proportioned according to the volume of the building in possession of each party." This averment was essential to show a breach of duty upon defendant's part, after the plaintiff, in good faith, had complied with the terms of the lease upon his part. Without such compliance it was not defendant's duty to heat the part of the building in possession of the plaintiff. The demurrer to count 2 should

have been sustained for the lack of averment showing that plaintiff had discharged his duty by payment or due tender of the proportionate expense of operating the heating plant. Count 6 is likewise defective in not averring a discharge of duty on plaintiff's part.

[2. 3] Count 4 is like unto count 2, with the gravamen added that defendant permitted the heating plant "to be covered with water, and to rust, rot and ruin, to the damage of plaintiff. * * *" Is the defect pointed out as to count 2, a failure of duty by a tenant of the first floor who took possession of the basement under joint agreement of operation with his landlord for apportionment of costs of running the heating plant, extended, as it was by the contract, only to the "running [of the] same?" It is the well-established rule in this state that a tenant who, without authority, materially changes or permits such changes in the rented building is guilty of waste. F. W. Woolworth Co. v. Nelson, 204 Ala. 172, 85 So. 449, 13 A. L. R. 820; Nave v. Berry, 22 Ala. 382; 35 C. J., p. 1221. This count, being based upon a breach of an express or implied covenant of the lease, was yet insufficient in averment as to payment or tender by plaintiff of his proportion of the expense of ·maintenance of the heating plant in the basement. It was only by way of the joint "running [of the] same" that defendant had any possessory interest in the basement or in the heating plant there located.

[4] Counts 1 and 7 are based on the negligence of defendant as to permitting the basement to fill up with water which damaged the building. Defendant's plea 3 attempted to set up the statute of limitations of one year as a defense to the negligent act averred. The plea was that the act complained of accrued more than 12 months before the filing of the suit, etc. The rule of that statute, as to recovery of consequential damages, is that time begins to run when the injury happens or damage accrues, and not from the date of the act causing the injury or damage. Corona Coal Co. v. Willingham, 207 Ala. 428, 92 So. 894; Alabama F. & I. Co. v. Vaughn, 203 Ala. 461, 83 So. 323; A. G. S. R. Co. v. McEniry, 200 Ala. 200, 75 So. 958; Kelly v. Shropshire, 199 Ala. 602, 75 So. 291; Sloss-Sheffield S. & I. Co. v. Dorman, Adm'r, 159 Ala. 321, 49 So. 242; West Pratt Coal Co. v. Dorman, 161 Ala. 389, 49 So. 849, 23 L. R. A. (N. S.) 805, 135 Am. St. Rep. 127, 18 Ann. Cas. 750; S., A. & M. Ry. v. Buford, 106 Ala. 303, 17 So. 395; Polly v. McCall, 37 Ala. 20; Roundtree v. Brantley, 34 Ala. 544, 73 Am. Dec. 470, L. R. A. 1916E, pp. 1002, 1025, note. The demurrer to this plea was properly sustained.

[5, 6] Pleas 5, 6, 7, 9, and 10 were good pleas as answer to the several contract covenants averred in the complaint, and should have been allowed as tendering proper issues in the premises. So, also, pleas 11 and 12 were answers to count 6, declaring as it did for the failure of defendant to operate the heating plant so as to furnish heat to the second story of said building. If this could not be done by reason of the insufficiency of said heating plant, defendant was not obligated to furnish or install a sufficient plant, or make material additions to the original plant. There was error in sustaining demurrer to pleas 11 and 12.

The other questions may not be presented upon another trial. The judgment of the circuit court is reversed and the cause remanded that pleadings may be shaped in accordance with the foregoing well-recognized principles.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.