150 So. 252

SENTENEY v. UNITED EMBROIDERY
CO. et al.

6 Div. 912.

Supreme Court of Alabama.
Jan. 17, 1935.

Rehearing Denied Feb. 21, 1935.

54

W. A. Denson, of Birmingham, for appellant.

Leader & Ullman, Benj. Leader, and John D. Hill, all of Birmingham, for appellees.

**THOMAS, Justice.**

The sustaining of demurrer to the counts of the complaint as amended is urged for error.

The rule of law that obtains as to landlords and tenants, and which is applicable to this pleading, will be considered at some length, in view of the pleading presenting the facts of a divided use and possession of a storeroom or premises. It is averred that the landlords used one side of the room for their general business of making and selling embroidery, and the other side of the same room was rented by these landlords to plaintiff for the conduct of her concomitant business of millinery.

The general rule stated in 36 C. J., page 84, is to the effect that *where the contract of lease is silent, the lessees have by implication* the right to put the premises to such use and employment as they please, not materially different from that in which they are usually employed. This text is rested on many respectable authorities, among which is Nave v. Berry et al., 22 Ala. 382, 390, 391, where it is declared of the common-law rule as follows:

"So far as its stipulations *upon its face are concerned*, there is little difficulty. The contract is one of lease, not executory in its nature, but executed. The lessor, *by its express stipulations*, has the right to have the money named in the writing as rent paid at the time it is to become due, certain taxes named paid by the lessees, and at the close of the term to have the premises restored to him. *On the part of the lessees, there is no right expressly stipulated; these are all left entirely to the implications of law.* On the part of the lessor, in addition to the express stipulations in his favor, *the law implies his right to have the property used in a proper and tenant-like manner*, without exposing the buildings to ruin or waste, by acts of omission or of commission; and also, that *the premises should not be put to a use or employment materially different from that in which they are usually employed.* To the extent of these implied rights on the part of the lessor, the law implies also a corresponding obligation on the part of the lessees.

"The lessees have, by implication, the right to possess and enjoy the property during the term specified, and to put it to such use and employment as they please, *not materially different from that in which it is usually employed, to which it is adapted, and for which it was constructed.*" (Italics supplied.)

The case of Nave v. Berry et al., supra, was applied in Parkman's Adm'r v. Aicardi & Tool, 34 Ala. 393, 73 Am. Dec. 457, in restraint of the subletting of a store to another for a place of conduct of a materially different business from that to which the property had been used; held that *when it appeared that although the terms of the lease did not restrict the use of the house to any particular business*, the lessee was seeking to sublet for another business, use, and purpose, and would be restrained by injunction. Mr. Justice Walker said: "It is an old principle of the common law, that a tenant is guilty of waste, if he materially changes the nature and character of the building leased. Thus, it is held, that he cannot convert a corn-mill into a fulling-mill, or a water-mill into a windmill, or a log-wood-mill into a cotton-mill, or a dwelling-house into a warehouse, or a brewhouse into an office.—Bridges v. Kilburn, 5 Vesey, 689; Kidd v. Dennison, 6 Barb. [N. Y.] 13; Jackson ex dem. Van Rensselaer v. Andrew, 18 Johns. [N. Y.] 433; 1 Eden's Inj. 186, and notes; Addison on Contr. 380; Shepard v. Briggs, 26 Vt. 149. And many authorities, both English and American, declare that such changes will be deemed waste, even though the value of the property would be enhanced by the alteration.—Authorities supra; also, Pynchon v. Stearns, 11 Metc. [Mass.] 304, 45 Am. Dec. 207." 34 Ala. 396, 73 Am. Dec. 457; F. W. Woolworth Co. et al. v. Nelson, 204 Ala. 172, 85 So. 449, 13 A. L. R. 820; Corona Coal Co. v. Hendon, 213 Ala. 323, 104 So. 799.

In the last-cited case (Corona Coal Co. v. Hendon) there was a divided use of a part of the building and its heating agency. What, then, of the sufficiency of the complaint before us, presenting, as it does, the case of a concomitant, similar, or not materially different use and business by the two occupants (the landlords and their first tenant) of the one storeroom, yet used in the conduct of separate and distinct businesses—one by the landlords and the other by their first tenant—and later sublet by the landlords to a tenant with a conflicting use as to full enjoyment of the premises by the first tenant?

■ Grounds of demurrer that fail to specify the matter of substance as required by the statute will not be considered. Section 9479, Code.

■ An inspection of the counts will disclose that the pleader did not seek to vary the terms of the written contract containing the averment that defendants' embroidery business was not to be removed from said premises pending the life of the written lease. The contract was not, nor was it required by the rule of good pleading to be set out in haec verba; it only being required that the material substance as disclosing its legal effect, and the respects in which defendants have failed or violated the contract be sufficiently averred. George v. Roberts, 207 Ala. 191, 92 So. 1.

The contract as averred did not present or disclose a nudum pactum. Among other things is the averment that it was an inducement to lease the part of the premises in question for a like or largely similar business to that of the lessors, for the term and consideration indicated; the averment of the respective covenants and conditions and agreement stated and to be observed; and the further averment that plaintiff has performed all the obligations and duties resting upon her under the said lease contract, and that defendants have breached the same by the removal of their business and setting up another which amounted to a constructive eviction. Section 9531, form 9, Code.

■ The averment contained in the counts, of the fact of a levy and sale of plaintiff's business, was that of mere enhancement, or mere claim for damages—less than the whole damage averred and claimed—and was not available to defendants for elimination, by way of a ground of demurrer. Improper elements of damage should have been reached, and eliminated in a proper case, (1) by a motion to strike, or (2) by objection to evidence, or (3) by requested instruction to the jury. Alabama Lime & Stone Co. v. Adams, 218 Ala. 647, 652, 119 So. 853; Treadwell v. Tillis, 108 Ala. 262, 18 So. 886; 4 Michie's Digest, p. 668, § 122. It is thus immaterial to this issue whether the levy and sale were or were not illegal. That is, the demurrer is not an appropriate method to test the sufficiency of the complaint with respects to the *measure* of the *elements* of damage claimed. Lurie v. Kegan-Grace Co., 209 Ala. 339, 96 So. 344.

■ If the defendants had the right to remove the embroidery business from their side of the premises, they had the right to rent that space to another business which did not amount to the creation or conduct of a nuisance or a constructive eviction, as affecting the business of plaintiff. If they had no such right ' to remove their business as averred, and their removal and subletting were contrary to the terms or implications of law contained in the written lease, and amounted to a constructive eviction, there was a breach of contract duty which gave rise to an action for damages. Otherwise stated, plaintiff was not required to allege that the substituted business of defendants-lessors constituted a nuisance as that term is generally defined and employed. That is, the fact that the subletting was a nuisance was not essential to the statement of plaintiff's cause of action declared in the breach of the terms or implications of law growing out of the lease contract—*not to remove defendants' embroidery business from the premises*, and not to do acts that amounted to a constructive eviction—and gave rise and support to plaintiff's action. The presence and conduct of business in the premises by the landlords, and that permitted by and to their tenant—the plaintiff—are averred to have been material inducements to the latter's entry into the contract, and to the full use and enjoyment of the premises as was contemplated by the parties to the contract.

When the pleading as amended, and the demurrer directed thereto are considered, the gist of the action is for the breach of the contract by all of the defendants *for the removal of their embroidery business from the other side of the same open space and premises made the subject of the written contract*, and the substitution of a different and incompatible tenant and business. The ground of demurrer urged as testing the sufficiency of each count of the complaint and the right of action sought is, that it is not shown that the defendants breached their duty alleged to have arisen from the contract relations by way of the written lease. The amended complaint will be set out. It is averred thereby, that for the valuable consideration indicated, a part of the premises was leased by the contract as stated in material respects and substance by the amended pleading; that defendants engaged to keep, do, and perform their covenants, conditions, and implications of the contract; that notwithstanding plaintiff's observance thereof, defendants have failed in this, that "as a part of said lease contract said embroidery business (of defendants) was not to be removed from said premises pending the life of the lease"; that "plaintiff avers all

of the aforesaid assurances and aforesaid covenants and agreements of the defendants were a part of said written lease contract for said portion of said premises occupied by plaintiff with said millinery business and made by the plaintiff with all of the defendants; plaintiff avers said lease contract for the portion of said premises occupied by her was in writing and entered into by and between each of the defendants and the plaintiff. Plaintiff avers said defendants knowingly and intentionally and voluntarily removed said embroidery business from said premises in violation of the assurances, agreements and covenants herein averred and with full knowledge of the evil and destructive consequences to plaintiff's millinery business, and plaintiff avers said defendants voluntarily rented said portion of said premises to said hat cleaning and hat repairing business and said shoe shine business with full knowledge of the fact that said steams, fumes and disagreeable and unhealthy odors and noises would render untenantable the portion of said premises theretofore leased by the defendants to the plaintiff for the carrying on of said millinery business. Plaintiff avers it was a part of said lease contract *that said embroidery business was not to be removed from said premises pending the life of her said lease.*" (Italics supplied.)

It was theretofore averred in the amended count that "plaintiff avers the defendants induced her to enter into said lease contract with the assurance and specific promise that they would conduct their embroidery business in the remainder of said store continually throughout the entire life of said lease and would assist the plaintiff in every way possible in building up a successful millinery business. Plaintiff avers as a part of said lease contract the defendants *covenanted with the plaintiff to keep the plaintiff in the quiet peaceable and beneficial enjoyment of said premises* and plaintiff avers the defendants have breached said covenant, in that the defendants did knowingly and intentionally remove said embroidery business from said premises and did knowingly and intentionally rent to and permit to be installed in said portion of said premises said hat cleaning and hat repairing business and said shoe shining business, with the knowledge that operation of said hat cleaning and hat repairing business and said shoe shining business in the portion of said premises formerly occupied by said embroidery business was wholly incompatible with and exceedingly detrimental to the successful operation of said millinery business." (Italics supplied.)

Is a constructive eviction or a breach of the averred contract provisions and its covenant to keep the plaintiff in the quiet, peaceable, and beneficial enjoyment of her part of the premises, shown by the averred removal of defendants' concomitant business from one side of the premises, and the setting up of a materially different and incompatible business in place of the concomitant business so conducted when the lease was made? In Paterson v. Bridges, 16 Ala. App. 54, 55, 75 So. 260, 261, Mr. Justice Brown observed as the general rule that: "A constructive eviction cannot be predicated on the acts or conduct of a third party, unless such third party is acting under the landlord's authority, express or implied." This rule was supported by the many authorities cited. And in Wyatt v. Adair, 215 Ala. 363, 366, 110 So. 801, a case involving the divided use of a building, the holding was that a white tenant leaving the premises because part of the building was leased to negroes—a condition contrary to an established custom—"could recover damages against landlord for constructive eviction, and for mental anguish caused by humiliation to himself and family." Mr. Justice Bouldin observed:

"Matters which may be expressly agreed may be implied, if the circumstances in evidence warrant the conclusion that such was the intention of the parties.

"A well-known general custom vitally affecting the peaceful and quiet enjoyment of the premises may well be considered an implied element of the contract between landlord and tenant. 4 Michie's Dig. p. 611, § 15; 27 R. C. L. 187, 192; 17 C. J. 485. * * *

"Count 4 is for constructive eviction, a removal from the premises because by an act of the landlord rendered unfit for occupancy for the purposes of the demise, or deprived of the beneficial enjoyment thereof."

The "constructive eviction" or deprivation of the full beneficial enjoyment, as declared in count 4, was held sufficient on which to base a recovery.

We construe the complaint as averring that the covenant of the lease, the breach of which is declared upon, was that the defendants would continue to occupy their part of the premises in conducting the lace business during the life of the lease as set out in the rental contract, and the complaint as amended was not subject to the demurrer directed thereto.

The judgment of the circuit court sustaining the demurrer to the amended counts is

therefore reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.