168 So. 896

# FIDELITY BUILDING & LOAN ASS'N v. PROTECTIVE LIFE INS. CO.

6 Div. 860.

Court of Appeals of Alabama.

March 24, 1936.

Rehearing Denied May 19, 1936.

Lange, Simpson & Brantley, of Birmingham, for appellant.

Cabaniss & Johnston and K. E. Cooper, all of Birmingham, for appellee.

RICE, Judge.

Suit by appellee against appellant to recover rent alleged to be due under a lease agreement covering specific property.

There is small doubt in our minds but that the complaint, consisting of a single count, was subject to demurrer. But the first two grounds of demurrer interposed were "but general * * * not specific, as the statute (Code 1923, § 9479) requires, and the court did not err in overruling them." Denson v. Caddell, 201 Ala. 194, 77 So. 720. The third (and there were but three) ground, i. e. that "the said count attempts to declare on a lease agreement and said agreement is not *set out in*

*full"* (italics ours), is not well taken for the reason it was not *necessary* to set out the lease agreement *in full.* Senteney v. United Embroidery Co. et al., 230 Ala. 53, 159 So. 252.

We do not think appellant was injured in any way, anyhow, by the court's action in overruling its demurrers to the complaint. The parties were enabled to, and allowed to, litigate freely and fairly the one question between them—which question we will proceed to state and discuss.

First, it should be remarked that appellee let to appellant, by a valid lease, a certain building for the term of five years, beginning October 1, 1929, and ending on September 30, 1934. The rental stipulated was on a graduated basis; that for the last year, beginning October 1, 1933, being $250 per month.

Just prior to October 1, 1933, appellant was in "failing circumstances"—in "liquidation," the parties phrase it.

Appellant's president, Mr. Chambless, was also the president of Fidelity Mortgage Company of Alabama, which concern was solvent, and occupied jointly with appellant the leased premises, though concerned in no wise with the lease.

At the time mentioned above, just prior to October 1, 1933, Mr. Chambless, as president of appellant concern, discussed with lessor's (appellee's) rental agent, Mr. Dearborn, the question of a reduction of rent, stating to Dearborn as follows, to quote his language: "I, as President of the Fidelity Mortgage Company of Alabama agreed with Dearborn that the Fidelity Mortgage Company would guarantee to pay it (the rent) on or before the 10th of the month. The agreement was that the Mortgage Company would make the payments on or before the 10th of the month in lieu of the Building and Loan Association (appellant) if they would reduce the rent to $150.00. In the event the payments were not made on or before the 10th of the month, the agreement was canceled."

Mr. Dearborn stated that the purport of the discussion would have to be referred to the lessor for its decision.

Thereafter, the following quoted letter was written by appellee's agent, duly authorized thereunto, to Dearborn, and a copy thereof likewise forwarded to appellant, to wit:

"October 5, 1933.

"A. R. Dearborn & Company

"211 North 21st Street,

"Birmingham, Alabama.

"Attention: Mr. John Dearborn.

"Gentlemen:

"2112–1st Avenue, Fidelity Mortgage Co.,

"This refers to our telephone conversation of September 30.

"Effective October 1, based on the Fidelity Mortgage Company making their payment on or before the 10th of each month for which the rent is due, you are authorized to accept $150.00 per month until further notice, or, in other words, this is a month to month arrangement. Difference is not to accumulate but in the event of default or delay in payment the rent goes to $250.00 per month, in accordance with the terms of the lease.

"Cordially yours, Fred A. Feld.

"FAF:HI.

"Copy of this letter sent to Fidelity.

"JGD"

The lessee (appellant) received the copy of the above letter, read it, "understood what it was," and "assented to that letter." "No objections were made to any of the terms of the letter at all." There was no other agreement "altering any of the provisions of this letter."

After the above letter was written and received by appellant, the reduced rental of $150 per month was paid monthly, before the 10th of each month, for nine months, until July 1, 1934, when (prior thereto, in June) appellee, lessor, in writing, canceled or withdrew the reduction stipulated in its above-quoted letter of October 5, 1933. This "cancellation," or "withdrawal," of this reduction was prompted, as is asseverated on behalf of appellee by the fact that appellant refused to agree, when approached by the rental agent in that regard, to "renew" the lease on anything approximating the terms of even the reduced rental of $150 per month; appellant having in mind some such figures as $75 or $80 per month.

This litigation arises over the monthly rental of the premises involved for the months of July, August, and September, 1934. Appellee demanded the full monthly rental stipulated in the lease, of $250 for each of said months. Appellant, contending that its letter of October 5, 1933, bound

appellee to accept the sum of $150 for each of said months, duly tendered each monthly payment of $150 in strict accordance with the terms of said letter; and has kept its tender good by paying into court the whole of said amounts, to wit, $450.

The *question,* submitted by the parties, is: "Did or not appellee's letter of October 5, 1933, a copy of which was sent by it to appellant, *bind* appellee to accept the reduced monthly rental of $150.00 per month, mentioned therein, as long as there was no 'default or delay' in the payment of the said monthly amounts as prescribed in said letter?"

We are forced, it seems, to answer the question in the negative.

It is very true that "where terms of doubtful meaning are used in a contract such terms will be construed *against* the party who framed them, unless, of course, the contract would be thereby annulled, or other rules of construction thwarted in their legitimate operation." Denson v. Caddell, 201 Ala. 194, 77 So. 720, 722.

But it is just as true that if "the language [of a contract] is unequivocal, * * * there is no room for construction, and the legal effect of the agreement must be enforced." Illinois Surety Co. v. Donaldson, 202 Ala. 183, 79 So. 667, 674.

We are unable to see any "ambiguity," or "inconsistency," or "repugnance" between the first and second sentence of the letter in question. There might be a slight element of "redundancy," but nothing of any sort that we can observe that would authorize us to apply any of the "rules of construction" discussed in appellant's excellent brief filed here. The *first* sentence of said letter is *explicit* to the effect that the reduction is "until further notice," reinforced by the statement that the same is "a month to month arrangement." The *second* sentence conflicts in no way with the *first;* but is simply a sort of "admonition" that these monthly reduced payments must be made promptly. Redundant, perhaps, because the *first* sentence already had provided appellee with all the weapon it needed to enforce the *prompt* payment of the amounts. But full meaning can be given to *both* sentences, simultaneously. And there appears no escape from the clear meaning: That appellee was *not,* by anything in said letter, forbidden to exercise its caprice and withdraw the

reduction whenever (i. e. having regard to the "month to month" feature) it chose.

We find ourselves much affected by the eloquent plea made here by appellant's gifted counsel for a "construction" of this letter, of October 5, 1933, which will not "render it oppressive or inequitable" to appellant. But, as we think we have shown, it is not subject to "construction." We have merely to accord to it its plain meaning—as did the learned trial judge.

The judgment is affirmed.

Affirmed.