# Kelly, *et al. v.* Shropshire.

### Assumpsit.

(Decided April 26, 1917. 75 South. 291.)

1. **Limitation of Actions; Fraud; Fiduciary Relations; What Constitutes.** —Allegations that defendant civil engineers negligently surveyed plaintff's property do not establish a fiduciary relationship so as to prevent the statute of limitations from running, upon the ground that defendants fraudulently concealed their negligence.

2. **Limitation of Actions; Computation; Beginning.**—Ordinarily, the statute of limitations runs from the time a legal injury was committed, although the damages subsequently increased, nor does plaintiff's ignorance of the injury, at least if there was no fraudulent concealment, postpone the running of the statute.

3. **Limitation of Actions; Computation; Torts.**—Where plaintiff alleged that defendant civil engineers negligently surveyed his property, the cause of action arose, and the statute of limitations began to run, when defendants completed their work and were paid for it.

4. **Appeal and Error; Presumptions; Bill of Exceptions.**—The rule that the Supreme Court will presume all facts necessary to support the ruling below where the bill of exceptions does not set out all the evidence is inapplicable where the bill states that its recited facts were established without contradiction.

[Kelly, et al. v. Shropshire.]

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Action by H. E. Shropshire against George B. Kelly and others. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

The complaint claims damages for that during the months of September, October, and December, 1908, and February, 1909, plaintiff entered into an agreement or contract with defendants, whereby defendants undertook to make a certain survey of lands owned by plaintiff and another, and to make a map and subdivision of said land to be placed on record, and whereby certain lands were dedicated or intended to be dedicated to the public for public highways, with lots abutting on the lands so dedicated, and defendants were engaged in the business of civil engineering, among other things, and held themselves out to the public as being skilled in such profession, and as having skill and ability in that regard, and at the time of entering into said contract, plaintiff agreed to pay defendants certain moneys as a reward for their services, and it thereby became the duty of defendants to exercise care to perform said work in a skillful manner, and to do said work correctly, and to survey said lands correctly, and to make a correct map of the same, but plaintiff avers that defendants were so negligent in that regard that they made a map of said lands owned by plaintiff, which said map was not correct, and which said map defendants negligently certified to be correct, whereby plaintiff placed said map on record, and as the result of said errors, mistakes, and negligence on the part of defendants, plaintiff was put to great expense, annoyance, and inconvenience in having new maps made correctly, and in rewriting deeds and mortgages and conveyances, and other injuries not necessary to be here set out. Defendants interposed the general issue and the statute of limitation of six years; also pleas of res judicata, setting up that these defendants individually and as partners sued said H. E. Shropshire upon an account by reason of the very contract which is referred to in the complaint, and in answer to said complaint said Shropshire filed a plea of recoupment, which plea is set out in full; and it is averred that in said plea of recoupment said Shropshire claimed damages of $2,000, and asked for judgment for the excess, setting up the same cause of action in his plea as is set up in this cause of action, based

[Kelly, et al. v. Shropshire.]

upon the same contract and the same alleged breach thereof; that the cause of action was tried before a judge and jury in a court of competent jurisdiction, and the issues were found in favor of plaintiff in that case, who are defendants in this case, and against the said H. E. Shropshire, who was defendant in that case, and who is plaintiff in this case.

H. K. WHITE for appellants.   M. M. ULLMAN for appellee.

SAYRE, J.—Though it be conceded, in deference to the arguments for appellee, that his complaint is in tort, his action, according to the uncontradicted evidence, was barred by the statute of limitations, and appellants should have had the general affirmative charge which the record shows they requested in writing.

(1, 3) Neither in the pleadings nor in the evidence was anything said of fraud to bring the case within the influence of section 4852 of the Code, which provides for actions seeking relief on the ground of fraud a peculiar limitation which begins to run from the discovery of the fraud.   That suggestion is found only in the brief of counsel where it takes the form of a statement that in the case of a fiduciary relation between the parties the omission to disclose what it was the duty of the defendants to disclose is a fraudulent concealment which will postpone the running of the statute.   Appellee had a contract with appellants by which the latter, who were civil engineers, undertook to lay off a tract of land into lots and make a plat or map of it for appellee. It is alleged only that they did this negligently, and negligently certified an inaccurate plat or map.   To say that appellants were fiduciary agents of appellee would push the doctrine of fiduciary relations entirely too far.   It would involve every agent in all the implications of trust, and it has never been supposed that ordinary agents could be so held.   In short, the theory of trust as a foundation for a charge on the facts of this case is fanciful, and there is nothing to indicate that it had consideration in the trial court.   Besides, there was no pleading that raised this question.

We think the rule as to the statute of limitations applicable to this case is soundly stated in 25 Cyc. 1136, in the following language:   "If the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong,

[Kelly, et al. v. Shropshire.]

the cause of action accrues and the statute begins to run from the time the act is committed, be the actual damage [then apparrent] however slight, and the statute will operate to bar a recovery not only for the present damages but for damages developing subsequently and not actionable at the time of the wrong done; for in such a case the subsequent increase in the damages resulting gives no new cause of action. Nor does plaintiff's ignorance of the tort or injury, at least if there is no fraudulent concealment by defendant, postpone the running of the statute until the tort or injury is discovered."

This is the rule of our cases.—*Mardis v. Shackleford*, 4 Ala. 493; *Governor v. Gordon*, 15 Ala. 72; *Snedicor v. Davis*, 17 Ala. 472; *McCalla v. L. & N. R. R. Co.*, 163 Ala. 107, 50 South. 971.

There is a class of cases in which a different statement of the rule is necessary, though the basic principle is the same. They are cases in which the act complained of does not itself constitute a legal injury; that is, an injury giving rise to a cause of action because it is an invasion of some legal right. In such cases plaintiff's injury, the invasion of his rights, depends upon a further and subsequent development of what defendant has done, and the cause of action accrues and the statute begins to run when, and only when, the damages are sustained. This rule is illustrated in the case of *West Pratt Coal Co. v. Dorman*, 161 Ala. 389, 49 South. 849, 23 L. R. A. (N. S.) 805, 135 Am. St. Rep. 127, 18 Ann. Cas. 750, and in the cases to which reference is there made. In the case here it hardly admits of doubt that a cause of action accrued to plaintiff when defendants had completed their work and received payment for it. Then his right was invaded. Then the statute began to run. As the Supreme Court of New York said in an old case involving this same question: "The plaintiff's case may be a very hard one; but that affords no reason for construing away a statute of great public benefit, and which, in many cases, is a shield against antiquated and stale demands."—*Troup v. Smith*, 20 Johns. (N. Y.) 33.

It follows that appellants should have had the general affirmative charge which they requested.

(4) Appellee notes the fact that the bill of exceptions does not purport to set out all the evidence, and invokes the rule that this court will in such cases generally presume any state of the evidence to support the ruling of the trial court. That rule cannot be applied to this case, for here, while the bill does not pur-

port to contain all the evidence, it does state that its recited facts are shown by the evidence without contradiction, and it is entirely clear that the bill was prepared with a view to raising as on undisputed facts the sole question of law which has been discussed. In this state of the case, to presume a state of the evidence which would raise a contradiction would itself involve the court in a contradiction of the record.—*Baker v. Patterson,* 171 Ala. 88, 55 South. 135.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.