B B Properties filed a complaint against John Stubbs, Dryvit Systems, Inc., and Coastal Plastering Company on February 21, 1996, alleging negligence, wantonness, fraud, breach of an implied warranty, and breach of an express warranty. Dryvit and Coastal filed motions to dismiss under Rule 12(b)(6), Ala.R.Civ.P., arguing that B B's claims were barred by the applicable statute of limitations. Following oral argument, the trial court dismissed all claims against Coastal and all claims against Dryvit, with the exception of one count alleging breach of an express warranty. The trial court made the dismissals final, pursuant to Rule 54(b), Ala.R.Civ.P.; B B filed separate appeals as to Dryvit and Coastal. The Supreme Court of Alabama transferred the appeals to this court, pursuant to § 12-2-7, Ala. Code 1975. This court consolidated B B's appeals against Dryvit and Coastal. John Stubbs was B 
B's general contractor. Stubbs is not a party to this appeal, and B B's claims against him remain before the trial court.
B B contracted with John Stubbs to construct an addition to its building. The construction was completed on April 21, 1989. Coastal was a subcontractor that applied the exterior system to the building. Dryvit designed and manufactured the exterior system. In March 1992, B B noticed some blistering and discoloration in a certain portion of the exterior of the addition. Dryvit and Coastal inspected this condition, informed B B that it was a paint problem, and repainted the affected portion of the building. In November 1995, B B discovered water damage and structural damage to the addition. B B alleges that this damage was caused by defective Dryvit material *Page 191 
and improper installation of the Dryvit material.
The standard of review applicable to a motion to dismiss is well settled:
 "It is a well-established principle of law in this state that a complaint, like all other pleadings, should be liberally construed, Rule 8(f), Ala.R.Civ.P., and that a dismissal for failure to state a claim is properly granted only when it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala. 1979). Stated another way, if under a provable set of facts, upon any cognizable theory of law, a complaint states a claim upon which relief could be granted, the complaint should not be dismissed. Childs v. Mississippi Valley Title Insurance Co., 359 So.2d 1146 (Ala. 1978).
 "Where a [Rule] 12(b)(6) motion has been granted and this Court is called upon to review the dismissal of the complaint, we must examine the allegations contained therein and construe them so as to resolve all doubts concerning the sufficiency of the complaint in favor of the plaintiff. First National Bank v. Gilbert Imported Hardwoods, Inc., 398 So.2d 258 (Ala. 1981). In so doing, this Court does not consider whether the plaintiff will ultimately prevail, only whether he has stated a claim under which he may possibly prevail. Karagan v. City of Mobile, 420 So.2d 57
(Ala. 1982)."
Seals v. City of Columbia, 575 So.2d 1061, 1063 (Ala. 1991) (quoting Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985)) (emphasis omitted).
Dryvit and Coastal argue that B B's claims of negligent or wanton conduct on their part are untimely. The determinative factor concerning these claims is the date on which the two-year statutory limitations period began to run. Dryvit and Coastal argue that the damage occurred, and the limitations period began to run, in March 1992 when B B discovered the discoloration and blistering of the paint. B B contends that there was no evidence of any connection between the paint irregularities and the causes of the structural damage, and, therefore, that the structural damage must be taken to have occurred in November 1995, when B B discovered the water damage. Furthermore, B B claims that even if the paint irregularities were connected to the structural damage, the running of the limitations period was tolled because, B B says, Dryvit and Coastal misrepresented the nature of the problem when they inspected the building in March 1992 and informed B B that the discoloration was a paint problem.
In Koch v. State Farm Fire Cas. Co., 565 So.2d 226 (Ala. 1990), our supreme court said, "A negligence cause of action accrues as soon as the claimant is entitled to maintain an action, regardless of whether the full amount of damages is apparent at the time of the first legal injury." Id. at 231. That Court determined that an insured's claim presented in 1988 for water damage to an exterior wall had in fact accrued in 1985 when State Farm paid a claim for water damage to the interior wall. We find a similar holding in Home Ins. Co. v.Stuart-McCorkle, Inc., 291 Ala. 601, 285 So.2d 468 (1973), involving damage due to ice in the walls and flooring of a large warehouse-size freezer. Rain entered an open wall during construction in 1968 and ice was observed in the walls and was removed. No other effects of the water were evident, and the general contractor advised the owner to wait until the next summer to see if any damage had been done to the freezer. Cracks were noticed in the freezer floor in 1970, apparently due to continued expansion of ice in the walls and flooring. Our Supreme Court held that the limitations period began to run at the time of the first legal injury. It stated:
 "If the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, be the actual damage (then apparent) however slight, and the statute will operate to bar a recovery not only for the present damages but for damages developing subsequently and not actionable at the time of the wrong done; for in such a case the subsequent increase in the damages resulting gives no new cause of action. Nor *Page 192 
does plaintiff's ignorance of the tort or injury, at least if there is no fraudulent concealment by defendant, postpone the running of the statute until the tort or injury is discovered."
291 Ala. at 608, 285 So.2d at 473 (quoting Kelly v. Shropshire,199 Ala. 602, 604-05, 75 So. 291, 292 (1917)).
We find this reasoning compelling. B B suffered injury in March 1992, when it discovered the irregularities in the paint. Although the damage was slight in March 1992, B B suffered a legal injury. It could have maintained an action at that time. The problem with the exterior system obviously was exacerbated over the next three years to the point that water damage to the interior of the building became visible. The fact that in March 1992, B B did not anticipate the eventual damage that became apparent in November 1995, does not postpone the running of the statute of limitations. The increase in the amount of damage from discoloration and blistering of paint to the eventual failure of the exterior system did not give rise to a new cause of action. The two-year statutory limitations period applicable to the alleged negligent or wanton conduct began to run as soon as B B was entitled to maintain an action, in March 1992.
B B's claim that the statute of limitations was tolled on the negligence and wantonness claims because Dryvit and Coastal fraudulently concealed the damage after they inspected and repaired it in 1992 is without merit. There is no "discovery rule" that tolls the running of the limitations period with respect to negligence or wantonness actions. The "discovery rule" is applicable only to fraud actions. Henson v. CelticLife Ins. Co., 621 So.2d 1268, 1274 (Ala. 1993).
B B's claim against Dryvit and Coastal alleging breach of implied warranty was also untimely. A cause of action based on breach of implied warranty accrues under either § 7-2-725, Ala. Code 1995, because the Dryvit product is within the term "goods" as defined by the Uniform Commercial Code, or under contract law which would require that the construction be performed in a workmanlike manner. Because B B argues in its brief that a four-year statute of limitations applies to its implied warranty claim, we address the claim as arising under the Uniform Commercial Code, which prescribes a four-year statute of limitations rather than the six-year statute of limitations applicable to a contract claim.
Section 7-2-725(2), Ala. Code 1975, states:
 "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered; however, a cause of action for damages for injury to the person in the case of consumer goods shall accrue when the injury occurs."
B B's addition to its building was completed in 1989. Completion of the addition constitutes tender of delivery of the Dryvit material. Therefore, B B's claim, presented in February 1996, is barred by the four-year statute of limitations.[1] B B argues, again, that the running of the statutory limitations period governing this claim is tolled because of fraudulent concealment. This claim of tolling is not applicable to an implied warranty claim under the Uniform Commercial Code involving a sale of goods. As noted above, the "discovery rule" is applicable only to fraud actions. Henson, at 1274.
B B also claims Dryvit and Coastal fraudulently misrepresented the nature of the problem with the exterior system after inspecting and repainting it in March 1992. They argue that the two-year statutory limitations period begins to run in a fraud action from the date the fraud is discovered or should have been discovered. B B contends that it is not a construction expert and thus did not discover the fraud before the *Page 193 
structural damage to its building was visible in November 1995. B B asserts that the date the fraud is discovered or should have been discovered is a question of fact that cannot be decided on a Rule 12 motion.
Our Supreme Court reviewed the law regarding the discovery of fraud in Fabré v. State Farm Mut. Auto. Ins. Co.,624 So.2d 167 (Ala. 1993):
 "An action for fraudulent misrepresentation is subject to a two-year statute of limitations. Ala. Code 1975, § 6-2-38. A fraud claim accrues when the plaintiff discovers the fraud or when the plaintiff should have discovered the fraud in the exercise of reasonable care. Hickox v. Stover, 551 So.2d 259 (Ala. 1989). A fraud is deemed to have been discovered when it ought to have been discovered; that is, at the time of the discovery of facts that, on the part of a person of ordinary prudence, would provoke inquiry that, if followed up, would lead to the discovery of the fraud. Hickox."
Id. at 168-69.
The Supreme Court has further addressed the issue whether discovery of the fraud is a matter of fact or law:
 "The question of when a plaintiff should have discovered fraud should be taken away from the jury and decided as a matter of law only in cases where the plaintiff actually knew of facts that would have put a reasonable person on notice of fraud."
Hicks v. Globe Life Acc. Ins. Co., 584 So.2d 458, 463 (Ala. 1991) (emphasis omitted).[2]
B B relies on the "savings clause" of § 6-2-3, Ala. Code 1975, to toll the running of the limitations period. Section6-2-3 states:
 "In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action."
B B claims that it did not discover the fraud until November 1995. Given that saving clause, we agree that B B has shown a genuine issue of fact as to when it discovered the alleged fraud. This question of fact made the dismissal improper as to B B's fraud claim.
B B first discovered the problems with its building in March 1992, when it discovered the blistering and discoloration in the exterior system. B B claims that as a result of discovering those problems, it contacted its contractor and Coastal, which in turn contacted Dryvit Systems. According to B B, Dryvit and Coastal sent representatives to inspect the problem. B B says those representatives told B B that the discoloration problem was a paint problem caused by iron pyrites in the exterior coating. Dryvit and Coastal repainted the discolored portion and allegedly represented to B B that the exterior system was functioning properly. It was this representation that B B says constituted the fraud. The trial court misconstrued this fraud claim when it held that B B's discovery of the defects in March 1992 constituted actual knowledge of the defective condition. B B's fraud claim is not based on the original defective condition of the building. It is based on Dryvit and Coastal's alleged misrepresentation, after they had done their repair and inspection, that there was no longer a defect.
Dryvit and Coastal were apparent experts in dealing with the Dryvit exterior system. It certainly appears possible that a factfinder could conclude that a person of ordinary prudence could have relied on Dryvit and Coastal's representation that the problem had been corrected and that B B did not discover the fraudulent representation until it discovered the water damage in November 1995. If the factfinder makes that determination, then the "saving clause" of § 6-2-3 would apply and the fraud claim would not be banned by the statute of limitations.
The trial court erred in dismissing counts 7, 12, 13, and 17, all of which were based on the alleged misrepresentation and concealment in November 1992. When we construe *Page 194 
the facts in favor of B B, we must conclude that it does not appear beyond a doubt that B B could prove no set of facts entitling it to relief.
The judgment is reversed as to counts 7, 12, 13, and 17 (all based on the fraud claim); otherwise, it is affirmed. The case is remanded for action consistent with this opinion.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result only.
[1] Even if the six-year statute of limitations generally applicable to contract claims were applicable to B B's claim, the limitations period would have expired before B B filed its complaint.
[2] We recognize that Hicks and Hickox were overruled by ForemostIns. Co. v. Parham, 693 So.2d 409 (Ala. 1997), which established a new standard applicable in all fraud cases filed after March 14, 1997.