THOMPSON, Presiding Judge.
 

 Susie L. Chaney, Betty Macon, Emma Jean Coleman, and Walter Edward Clayton (collectively “the plaintiffs”)
 
 [1]
 
 appeal from summary judgments entered by the trial court in favor of Taylor Logging, Inc. (“Taylor Logging”),
 
 [2]
 
 James Taylor, Ala West, Inc. (“Ala West”), and Ala West-AL, LLC (“Ala West-AL”). We affirm the trial court’s judgment in part, reverse it in part, and dismiss the appeal in part.
 

 I. Factual and Procedural Background
 

 Before the 1940s, Consolidated Coal Company granted permission to certain individuals to use a portion of its property (“the property”) located in Walker County as a cemetery (“the Bankhead Cemetery”). Several relatives of the plaintiffs were thereafter buried in the Bankhead Cemetery. Since the time that the Bankhead Cemetery was established, title to the property on which it is located was transferred numerous times. Ala West-AL, the present owner of the property, purchased a 19/20 interest in the property in 1997 and purchased the remaining 1/20 interest in the property in January 1998.
 

 In April 1998, Ala West-AL entered into a contract with Taylor Logging whereby Taylor Logging agreed to cut and remove timber from the property. The term of the contract was to commence on April 27, 1998, and end on June 30, 1998. The contract, which was titled an “Independent Logging Contract,” provided that Taylor Logging would serve as an independent contractor and that Taylor Logging would be responsible for hiring, firing, paying, and supervising its own employees; paying and reporting all employment taxes; and exercising exclusive control over the means, methods, techniques, and procedures used in performing under the contract. The contract further provided that Ala West-AL would not maintain any right to control or supervise Taylor Logging’s work. While it was cutting and removing timber from the property, Taylor Logging allegedly damaged or destroyed the Bank-head Cemetery.
 

 On September 30, 2004, the plaintiffs sued Taylor Logging, James Taylor, Ala West, and Ala West-AL. In their five-count complaint, the plaintiffs alleged that the defendants had violated two criminal statutes, §§ 13A-7-23 and -23.1(b), Ala. Code 1975 (counts 1 and 2);
 
 [3]
 
 had tres
 
 *491
 
 passed by disturbing the plaintiffs’ relatives graves and remains (count 3); had intentionally inflicted emotional distress on the plaintiffs (count 4); and had breached the contract into which Ala West-AL and Taylor Logging had entered, of which the plaintiffs claimed to be third-party beneficiaries (count 5).
 
 [4]
 
 In their first four counts, the plaintiffs sought damages for, among other things, property loss, mental anguish, and emotional distress. The basis of their claim for damages with regard to the breach-of-contract count was not clear.
 

 On December 15, 2004, Taylor and Taylor Logging filed a motion for a summary judgment. They argued that all the plaintiffs’ claims were barred by the statute of limitations. In support of their summary-judgment motion, they submitted evidence indicating that Taylor Logging had entered onto the property and damaged the cemetery on June 1, 1998, which was more than six years before the plaintiffs filed their action.
 
 [5]
 
 They argued that, although it was unclear how the plaintiffs intended to recover civil damages for the alleged violations of criminal statutes, to the extent that the plaintiffs were attempting to state claims of negligence per se or statutory negligence, those claims were governed by a two-year statute of limitations. Likewise, they argued that the plaintiffs’ claim of intentional infliction of emotional distress was governed by a two-year statute of limitations and that the plaintiffs’ trespass claim was really a claim of trespass on the case and, as a result, was also governed by a two-year statute of limitations. They also argued that, even if the plaintiffs’ claim of trespass were governed by the six-year statute of limitations applicable to claims of trespass to the person, the fact that the damage to the Bankhead Cemetery they allegedly caused occurred more than six years before the plaintiffs filed their lawsuit was fatal to that claim. Taylor and Taylor Logging pointed out that the plaintiffs’ breach-of-contract claim was likewise governed by a six-year statute of limitations and, for that reason, was also foreclosed.
 

 
 *492
 
 On April 20, 2006, Walter Edward Clayton was substituted for plaintiff Mary Ellen Clayton, who had died.
 
 [6]
 
 On September 29, 2006, the plaintiffs filed a response to Taylor and Taylor Logging’s summary-judgment motion.
 
 [7]
 
 They argued that their trespass claim was one alleging a direct trespass by the defendants to the places in which their relatives were buried, or
 
 trespass quare clausum
 
 fregit,
 
 [8]
 
 rather than trespass on the case. Thus, they argued, that claim was governed by a six-year statute of limitations rather than a two-year statute of limitations. The plaintiffs argued that there was a genuine issue of material fact as to when the Bankhead Cemetery was damaged. In support, they attached an affidavit from a resident of the area near the Bankhead Cemetery indicating that, “in approximately August of 1998, [he] told James Taylor that [the Bankhead Cemetery] was on the hill and not to damage it.” He testified that he “told [Taylor] this on more than two occasions several weeks before they got to the area of the cemetery.” Finally, the plaintiffs argued that the statute of limitations did not begin to run on their claims until they were put on notice that the Bankhead Cemetery had been damaged, which, they argued, did not occur until sometime after March 1999, when another group of relatives filed an action over the damage to the Bankhead Cemetery caused by the logging operation.
 

 On April 22, 2005, Ala West filed a motion for a summary judgment. It argued that it did not own the property at issue and that it had no involvement in any of the activities that formed the basis of the litigation. On September 12, 2005, the trial court entered a summary judgment in favor of Ala West and made that judgment final pursuant to Rule 54(b), Ala. R. Civ. P. The plaintiffs did not appeal from that summary judgment within 42 days of its entry.
 

 On June 11, 2007, Ala West-AL filed a motion for a summary judgment. It argued that there was no evidence indicating that it had violated the two criminal statutes on which the plaintiffs’ based the first two counts of their complaint. As for the plaintiffs’ claim of trespass, it argued that it was not present when the alleged trespass on the Bankhead Cemetery occurred and that Taylor Logging was an independent contractor over which it had not exercised any control. It also argued that it did not ratify Taylor Logging’s alleged trespass. Thus, it argued, there was no evidence indicating that it had an agency relationship with Taylor Logging and that there was no basis on which to find that it was liable to the plaintiffs under the doctrine of respondeat superior.
 

 With regard to the plaintiffs’ claim of intentional infliction of emotional distress,
 
 *493
 
 Ala West-AL argued that there was no evidence indicating that it had committed an intentional act and that there was no evidence on which to conclude that it could be liable for that tort on the basis of respondeat superior. Also, it argued, there was no evidence indicating that any action it had performed had caused the plaintiffs emotional distress so severe that no reasonable person could be expected to endure it. Finally, as to the plaintiffs’ claim of breach of contract, Ala West-AL argued that there was no evidence indicating that the plaintiffs were intended beneficiaries of its contract with Taylor Logging, thus foreclosing their attempt to assert rights under the contract.
 

 On November 5, 2007, the plaintiffs filed a response to Ala West-AL’s summary-judgment motion. Despite the fact that Ala West-AL had raised different grounds justifying a summary judgment in its favor than the grounds on which Taylor and Taylor Logging had relied in their summary-judgment motion, the plaintiffs’ response to Ala West-AL’s motion was a virtually verbatim copy of the response they had filed to Taylor and Taylor Logging’s summary-judgment motion. The only difference was the addition of a single paragraph regarding their breach-of-contract claim, in which they stated:
 

 “[Taylor Logging] and [Ala West-AL] entered into a contract of insurance in the amount of $1,000,000 that would inure to anyone injured as a result of any accident or damages while [Taylor Logging] was clearing the land. The Bank-head Cemetery was totally destroyed as a result of [Taylor Logging’s] and [Ala West-AL’s] joint venture. The heirs of the Bankhead Cemetery and all other third parties beneficiaries of that contract are entitled to indemnification/proceeds for their damages.”
 

 On November 21, 2007, following oral arguments on the pending summary-judgment motions, the trial court entered a summary judgment in favor of Taylor, Taylor Logging, and Ala West-AL. The plaintiffs filed a postjudgment motion to alter, amend, or vacate the judgment, which was denied by operation of law.
 
 See
 
 Rule 59.1, Ala. R. Civ. P. The plaintiffs timely appealed from the November 21, 2007, judgment, and the supreme court transferred the appeal to this court pursuant to § 12-2-7, Ala.Code 1975.
 

 II. Standard of Review
 

 Our supreme court discussed the standard by which we review a summary judgment in
 
 Muller v. Seeds,
 
 919 So.2d 1174, 1176-77 (Ala.2005):
 

 “This Court reviews a summary judgment
 
 de novo. Turner v. Westhampton Court, L.L.C.,
 
 903 So.2d 82, 87 (Ala.2004). We seek to determine whether the movant has made a prima facie showing that there exists no genuine issue of material fact and has demonstrated that the movant is entitled to a judgment as a matter of law.
 
 Turner, supra.
 
 In reviewing a summary judgment, this Court reviews the evidence in the light most favorable to the nonmovant.
 
 Turner, supra.
 
 Once the movant makes a prima facie showing that he is entitled to a summary judgment, the burden shifts to the nonmovant to produce ‘substantial evidence’ creating a genuine issue of material fact. Ala.Code 1975, § 12-21-12;
 
 Bass v. SouthTrust Bank of Baldwin County,
 
 538 So.2d 794, 797-98 (Ala.1989). ‘Substantial evidence’ is ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’
 
 West v. Founders Life Assurance Co. of Fla.,
 
 547 So.2d 870, 871 (Ala.1989).”
 

 
 *494
 

 III. Analysis
 

 The plaintiffs contend that the trial court erred when it entered summary judgments in favor of all the defendants. We address the trial court’s summary judgments in favor of each of the defendants in turn.
 

 The trial court entered a summary judgment in favor of Ala West on September 12, 2005. In so doing, the trial court made its summary judgment final pursuant to Rule 54(b), Ala. R. Civ. P. According to Rule 4, Ala. R.App. P., the plaintiffs had 42 days from the entry of the judgment in favor of Ala West in which to appeal. Because the plaintiffs filed their appeal of the trial court’s final judgment in favor of Ala West more than two years after the entry of that judgment, this court is without jurisdiction to entertain the appeal of that judgment.
 
 See Lary v. VSB Fin. Consulting, Inc.,
 
 910 So.2d 1280, 1282 (Ala.Civ.App.2005). As a result, this court must dismiss the portion of the plaintiffs’ appeal seeking a review of the trial court’s summary judgment in favor of Ala West.
 

 In the trial court, the plaintiffs failed to carry their burden in response to Ala West-AL’s summary-judgment motion, choosing, instead, to file a brief that responded to the grounds on which Taylor and Taylor Logging had sought a summary judgment. Likewise, the plaintiffs’ arguments on appeal are largely unresponsive to the grounds on which Ala West-AL sought a summary judgment. Our own review of the record demonstrates that the trial court correctly entered a summary judgment in favor of Ala Wesi>-AL.
 

 As to the first four counts of the complaint, our review of the record fails to disclose substantial evidence indicating that Ala West-AL violated §§ 13A-7-23 and -23.1(b), Ala.Code 1975, that Ala West-AL trespassed on the cemetery or should be responsible under the doctrine of respondeat superior for Taylor’s or Taylor Logging’s allegedly having done so, or that Ala Wesb-AL committed any intentional act for which it could be liable for intentionally inflicting emotional distress on the plaintiffs.
 
 [9]
 

 As to the plaintiffs’ breach-of-contract count, our review of the contract between Ala West-AL and Taylor Logging reveals no basis on which to conclude that the plaintiffs were intended beneficiaries of that contract such that they were vested with the authority to recover for any breach thereof.
 
 [10]
 
 The provisions of the contract at issue read, in pertinent part:
 

 “7. INDEMNIFICATION.
 

 “[Taylor Logging] agrees to indemnify and hold harmless [Ala West-AL] and its respective owners and employees from and against all liabilities, claims, damages, losses and expenses, including but not limited to all court costs and attorneys’ fees arising out of or any way resulting from [Taylor Logging]’s negligence in the performance of this contract.
 

 “8. INSURANCE.
 

 “During the term of this agreement, [Taylor Logging] shall maintain in force, at its own expense the following forms of insurance in at least the amounts specified
 

 [[Image here]]
 

 
 *495
 
 “II Commercial Public Liability— without limiting endorsements.
 

 “(a) Limits of liability — Combined Single Limits of $500,000 per occurrence and $1,000,000, with [Ala West-AL] designated as an additional insured.”
 

 In
 
 Dunning v. New England Life Insurance Co.,
 
 890 So.2d 92, 97 (Ala.2003), our supreme court, quoting
 
 Weathers Auto Glass, Inc. v. Alfa Mutual Insurance Co.,
 
 619 So.2d 1328, 1329 (Ala.1993), wrote that “‘[a] party claiming to be a third-party beneficiary of a contract must establish that the contracting parties intended, upon execution of the contract, to bestow a direct, as opposed to an incidental benefit upon the third party.’ ” Our review of the above-quoted provisions of the contract between Ala West-AL and Taylor Logging fails to disclose any basis on which to conclude that those defendants intended to bestow a direct benefit on the plaintiffs when they entered into the contract. Instead, those provisions were clearly intended to ensure that Ala West-AL would be protected from any claims against it arising from Taylor Logging’s work on the property. Moreover, there is no other evidence in the record that would support the idea that Ala West-AL and Taylor Logging intended to directly benefit the plaintiffs by virtue of their contract. As a result, the trial court’s summary judgment was proper as to the plaintiffs’ breach-of-contract claim against Ala West-AL.
 

 For the foregoing reasons, we conclude that the trial court did not err when it entered a summary judgment in Ala West-AL’s favor, and, for that reason, its judgment in that regard is due to be affirmed.
 

 As noted above, the sole basis on which Taylor and Taylor Logging sought a summary judgment in the trial court was their affirmative defense that the plaintiffs’ claims are barred by the statute of limitations. On appeal, the plaintiffs contend that Taylor and Taylor Logging were not entitled to a summary judgment on this basis because, they assert, they presented substantial evidence creating a genuine issue of material fact as to when the Bank-head Cemetery was damaged. Moreover, the plaintiffs contend, their claims did not accrue until they suffered some injury. They argue that they did not suffer a legal injury until they were put on notice of the damage to the Bankhead Cemetery, which, they argue, did not occur until some time after the filing of a previous action by the relatives of other individuals buried in the Bankhead Cemetery.
 

 In support of their summary-judgment motion, Taylor and Taylor Logging presented substantial evidence indicating that the damage to the Bankhead Cemetery occurred on June 1, 1998, more than six years before the plaintiffs filed the present action on September 30, 2004. In response, the plaintiffs submitted an affidavit indicating that the damage to the Bankhead Cemetery may have occurred “several weeks” after an unspecified day in August 1998. However, the affidavit testimony submitted by the plaintiffs does not constitute substantial evidence indicating that the damage to the Bankhead Cemetery occurred within six years of when the plaintiffs filed their action. That the damage may have occurred at some point after August 1998 does not lead to the conclusion that it occurred on or after September 30, 1998, the date preceding the filing of this action by six years. As a result, the affidavit the plaintiffs submitted did not constitute substantial evidence indicating that they had filed their complaint within six years of the date on which the Bank-head Cemetery was damaged.
 
 See Johnson v. Stewart,
 
 854 So.2d 544, 549 (Ala.2002) (holding that testimony “indicative of
 
 *496
 
 nothing more than a mere possibility” does not constitute substantial evidence).
 

 The plaintiffs contend that, even if the Bankhead Cemetery was damaged more than six years before they filed this action, the action was still timely because them claims did not accrue until they were put on notice of the damage to the cemetery. This did not happen, they argue, until some time after the filing of the previous action by the relatives of other individuals buried in the Bankhead Cemetery. In support of this contention, the plaintiffs rely on our supreme court’s decision of
 
 Payne v. Alabama Cemetery Ass’n,
 
 413 So.2d 1067 (Ala.1982).
 

 In
 
 Payne,
 
 the plaintiff sued the owner of a cemetery and others because of the disappearance of her mother’s remains from the grave in which she had been buried. Evidence produced during the course of the litigation indicated that the plaintiffs mothers’ remains had been missing from her grave since 1975 but that the plaintiff did not discover that they were missing until May 13, 1979. The defendants sought, and the trial court entered, a summary judgment.
 

 On appeal, the defendants argued, among other things, that the summary judgment could be affirmed on the basis that, because the plaintiff did not file her action until January 1980, her claims were barred by the then-existing one-year statute of limitations found in § 6-2-39, Ala. Code 1975.
 
 [11]
 
 Our supreme court disagreed. It wrote, in pertinent part:
 

 “Plaintiffs action is grounded upon the legal rights vested in the next of kin to maintain an action for unwarranted interference with a buried body. We hold that such an action may be grounded in a non-trespass tort as well as in trespass. The plaintiff, being the nearest relative present, is a proper party to bring the action in tort, irrespective of any other possible theory of recovery.
 
 Southern Life & Health Ins. Co. v. Morgan,
 
 21 Ala.App. 5, 105 So.[] 161,
 
 cert. denied,
 
 213 Ala. 413, 105 So. 168 (1925). Appellees allege, as another ground for affirmance, however, that [the plaintiff’s non-trespass claim is barred by the applicable one year statute of limitations ....
 

 [[Image here]]
 

 [[Image here]]
 

 “... [The defendants] contend that since the one-year statute of limitations period begins to run after the cause of action has accrued, and since the bodily remains and casket of [the plaintiffs mother] apparently disappeared in 1975, this action, brought in January 1980, is barred by the statute and thus the granting of summary judgment was proper. [The plaintiff], however, contends that the statute of limitations should not have begun to run until May 13, 1979, when she first discovered the coffin and bodily remains of her mother to be missing.
 

 “The time when the statute of limitations begins to run was analyzed thoroughly by this Court in
 
 Garrett v. Raytheon Co.,
 
 368 So.2d 516 (Ala.1979). In that case it was stated that the statute of limitations begins to run in favor of the party liable from the time the cause of action accrues, and the cause of action accrues as soon as the party in whose favor it arises is entitled to maintain an action thereon. 368 So.2d at 518. The plaintiffs ignorance of a tort or injury does not postpone the running of the
 
 *497
 
 statute of limitations until that tort is discovered.
 
 Kelly v. Shropshire,
 
 199 Ala. 602, 75 So. 291 (1917).
 

 “The statute, however, will
 
 not
 
 begin to run until some injury occurs which gives rise to a maintainable cause of action.
 
 Garrett v. Raytheon Co.,
 
 368 So.2d 516 (Ala.1979);
 
 Corona Coal Co. v. Hendon,
 
 213 Ala. 323, 104 So. 799 (1925);
 
 West Pratt Coal Co. v. Dorman,
 
 161 Ala. 389, 49 So. 849 (1909). As pointed out in
 
 Garrett v. Raytheon Co.,
 
 the basic principles set forth by
 
 Corona Coal
 
 and
 
 West Pratt Coal
 
 on one hand, and
 
 Garrett v. Raytheon Co.
 
 on the other, are the same. In actions such as the case at bar, the act complained of does not itself inflict a legal injury at the time it is done, but plaintiffs injury only follows as a result and a subsequent development of the defendant’s act. ‘In such cases, the cause of action “accrues,” and the statute of limitation begins to run, “when and only when, the damages are sustained.’”
 
 Garrett v. Raytheon Co.,
 
 368 So.2d at 519.
 
 See also, Kelly v. Shropshire,
 
 199 Ala. 602, 75 So. 291 (1917).
 

 “Here, it was discovered in 1979 that the grave supposedly containing [the plaintiffs mother] ... was sinking. It was then discovered that the bodily remains of [the plaintiffs mother] were missing. At that particular point the plaintiffs injuries accrued, as she had nothing of which to complain until the discovery of the missing body and casket. This stands in contrast to an injury of the type found in
 
 Garrett v. Raytheon Co.,
 
 where the progressive nature of the injury has not made itself manifest at the time of the last exposure. In cases of that nature, the statute of limitations begins to run whether or not the full amount of damages is apparent at the time of the first legal injury.
 
 Garrett v. Raytheon Co.,
 
 368 So.2d 516 (Ala.1979);
 
 Home Insurance Co. v. Stuart-McCorkle, Inc.,
 
 291 Ala. 601, 285 So.2d 468 (1973). We therefore hold that the statute of limitations did not begin to run until May 13, 1979, when it was discovered that the bodily remains and casket of [the plaintiffs mother] were missing and the injury to the plaintiff actually occurred.”
 

 Payne,
 
 413 So.2d at 1071-72.
 

 We turn first to the plaintiffs’ trespass claim, and we conclude that the trial court did not err when it entered a summary judgment on that claim. On appeal, to avoid the application of the two-year statute of limitations governing actions for trespass on the case, the plaintiffs argue at great length that their trespass claim is one of
 
 trespass quare clausum fregit,
 
 which, as previously noted
 
 (see
 
 note 8, supra), is a claim for trespass to real property in which they have an interest, in this ease the graves of their relatives.
 
 [12]
 
 As part of their trespass claim, the plaintiffs alleged damage based on “property loss,” i.e., physical damage to the graves of their relatives. Assuming, as the plaintiffs alleged in their complaint and implicitly argue on appeal, that property loss is an injury for which they may recover, that injury occurred at the time the Bankhead Cemetery was damaged.
 
 See Matthews Bros. Constr. Co. v. Stonebrook Dev., L.L.C.,
 
 854 So.2d 573, 578 (Ala.Civ.App.2001) (holding that a cause of action for injury or damage to property accrued on the date the property was injured or damaged);
 
 see also Payne,
 
 413 So.2d at 1072 (“[T]he cause of action accrues as soon as
 
 *498
 
 the party in whose favor it arises is entitled to maintain an action thereon.”). Because, as previously discussed, the substantial evidence of record indicates that the Bankhead Cemetery was damaged more than six years before the plaintiffs filed their lawsuit, the plaintiffs’ trespass claim is barred by the six-year statute of limitations that they contend applies to that claim.
 

 For similar reasons, the plaintiffs’ claims for damages based on Taylor and Taylor Logging’s alleged violations of §§ 13A-7-23 and -23.1(b), Ala.Code 1975, are also barred by the statute of limitations. Because Taylor and Taylor Logging did not argue otherwise in their summary-judgment motion, we assume, without deciding, that the plaintiffs’ claims for violations of these criminal statutes allow them to recover civil damages.
 
 [13]
 
 Since there is no statute of limitations enumerated within the Alabama Code for civil claims brought pursuant to these statutes, and because the claims founded thereon seek recovery for the injury of the plaintiffs’ rights regarding their relatives’ burial places, those claims are governed by a two-year statute of limitations.
 
 See
 
 § 6-2-38(i), Ala.Code 1975 (“All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years.”).
 

 As with their trespass claim, as part of each of their claims of violations of those criminal statutes, the plaintiffs sought damages for, among other things, property loss. Assuming, again, that the violation of those criminal statutes gives rise to a civil claim, the plaintiffs’ claims accrued when they sustained an injury, which, because they seek damages for property loss, occurred when the Bankhead Cemetery was damaged.
 
 See Matthews Bros. Constr. Co.,
 
 854 So.2d at 578;
 
 Payne,
 
 413 So.2d at 1072. Because the evidence of record indicates that this happened considerably more than two years before the plaintiffs filed the present action, these claims are barred by the statute of limitations. As a result, the trial court’s summary judgment in favor of Taylor and Taylor Logging on these claims is due to be affirmed.
 

 We reach a different conclusion with regard to the plaintiffs’ claim of intentional infliction of emotional distress. The four elements of the tort of intentional infliction of emotional distress, which is also known as the tort of outrage, are:
 
 “
 
 ‘(1) the actor intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from his conduct; (2) the conduct was extreme and outrageous; (3) the defendant’s actions caused the plaintiff distress; and (4) ... the distress was severe.’ ”
 
 Gunter v. Huddle,
 
 724 So.2d 544, 547 (Ala.Civ.App.1998) (quoting
 
 Harris v. McDavid,
 
 553 So.2d 567, 569-70 (Ala.1989)). Because a cause of action does not accrue until a plaintiff is entitled to maintain the action, a cause of action alleging the intentional infliction of emotional distress does not accrue until the defendant’s actions have caused the plaintiff severe distress, two of the four necessary elements for such a cause of action.
 

 In the present case, the plaintiffs’ cause of action alleging intentional infliction of emotional distress could not have accrued until they learned of the damage to the Bankhead Cemetery because it was only then that Taylor and Taylor Log
 
 *499
 
 ging’s alleged actions in damaging the Bankhead Cemetery could have caused severe distress to the plaintiffs.
 
 See Payne,
 
 supra. Because the record does not disclose when the plaintiffs learned of the damage to the Bankhead Cemetery, there is no basis on which to conclude that the plaintiffs’ claim of intentional infliction of emotional distress accrued outside of the two-year statute of limitations that governs such a claim.
 
 See Continental Cas. Ins. Co. v. McDonald,
 
 567 So.2d 1208, 1215 (Ala.1990) (“The statutory period of limitations for the tort of outrage is two years.”). As a result, the trial court’s summary judgment based upon the statute of limitations is due to be reversed as to this claim.
 

 Finally, we conclude that the trial court properly entered a summary judgment in favor of Taylor and Taylor Logging on the plaintiffs’ claim of breach of contract. As discussed above in relation to the summary judgment entered in Ala West-AL’s favor, there is no basis on which to conclude that the plaintiffs, who are neither parties to, nor intended beneficiaries of, the contract between Ala West-AL and Taylor Logging, are authorized to enforce the contract or to sue for damages if the contract is breached. Furthermore, claims of breach of contract are governed by a six-year statute of limitations.
 
 See
 
 § 6-2-34(9), Ala Code 1975. To the extent that Taylor or Taylor Logging had some duty under the contract to pay the plaintiffs for the damages the plaintiffs allegedly sustained because of Taylor Logging’s work under the contract, that duty arose, and was breached, at the time that the Bankhead Cemetery was damaged and Taylor Logging failed to pay the plaintiffs for such damage. Because this occurred, if at all, more than six years before the plaintiffs filed this action, the plaintiffs’ claim of breach of contract is barred by the statute of limitations.
 

 IV Conclusion
 

 In summary, we dismiss that portion of the appeal directed at the summary judgment entered in favor of Ala West; we affirm the summary judgment entered in favor of Ala West-AL; we affirm that portion of the summary judgment entered in favor of Taylor and Taylor Logging on the plaintiffs’ claims asserting violations of §§ 13A-7-23 and -23.1(b), Ala.Code 1975, trespass, and breach of contract; and we reverse that portion of the summary judgment entered in favor of Taylor and Taylor Logging on the plaintiffs’ claim asserting the intentional infliction of emotional distress. We remand the case to the trial court for further proceedings.
 

 APPEAL DISMISSED IN PART; AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 .Walter Edward Clayton was not an original party in the proceedings below. He was substituted for Mary Ellen Clayton, an original party in the action, following her death, as her next of kin. For die portion of this opinion discussing the factual and procedural history of this litigation before the substitution of Walter Edward Clayton for Mary Ellen Clayton, we use the term "the plaintiffs” to refer to the original plaintiffs in this action, including Mary Ellen Clayton. For the remaining portion of the opinion, we use that term to refer to Walter Edward Clayton and the three surviving plaintiffs in this action.
 

 [2]
 

 . In the record, Taylor Logging is alternatively referred to as "Taylor Logging, Inc.,” "Taylor Brothers Logging,” and "Taylor and Sons Logging Company.” We have chosen to designate the company as Taylor Logging, Inc., because that is the name by which the notice of appeal refers to the company and the name by which the company refers to itself in its appellate brief.
 

 [3]
 

 . Section 13A-7-23 reads:
 

 "(a) A person commits the crime of criminal mischief in the third degree if, with
 
 intent to
 
 damage property, and having no
 
 *491
 
 right to do so or any reasonable ground to believe that he or she has such a right, he or she inflicts damages to property in an amount not exceeding five hundred dollars ($500).
 

 "(b) Criminal mischief in the third degree is a Class B misdemeanor.”
 

 Section 13A-7-23.1(b) reads, in pertinent part:
 

 “Any person who willfully or maliciously desecrates, injures, defaces, removes, or destroys any tomb, monument, structure, or container of human remains, and invades or mutilates the human corpse or remains shall be guilty of a Class C felony and upon conviction the person shall be punished as provided by law.”
 

 [4]
 

 . The allegations in the complaint relating to the breach-of-contract claim fail to indicate the manner in which the defendants allegedly breached the contract between Ala West-AL and Taylor Logging.
 

 [5]
 

 . This evidence took the form of two depositions that had been taken in a previous action involving other individuals who had relatives buried at the Bankhead Cemetery and who had sued Taylor Logging, among others, based on the same incident that gave rise to the current litigation. As part of one of the depositions in that action, a police report was introduced into evidence indicating that a deputy sheriff had been called to the Bank-head Cemetery on June 1, 1998, by one of the plaintiffs in the previous action. Testimony from the other deposition indicated that the deponent had visited the Bankhead Cemetery at a time following the point at which Taylor Logging had logged that area of the property; that, following that visit, she had filed a complaint with the Walker County Sheriff's Office; and that the sheriff's office had conducted an investigation of her complaint. We do not address the admissibility of such evidence from the previous case in this case because the plaintiffs did not argue to the trial court, and do not argue here, that that evidence was inadmissible.
 

 [6]
 

 .
 
 See
 
 note 1, supra.
 

 [7]
 

 . As part of their response to the summary-judgment motion, the plaintiffs requested that a summary judgment be entered in their favor. The issue on appeal, as discussed below, pertains to whether the trial court properly entered summary judgments in favor of the defendants, not whether the trial court erred when it implicitly denied that portion of the plaintiffs' response seeking a summary judgment in their favor. Thus, we pretermit discussion of the plaintiffs' argument in their response that they were entitled to a summaiy judgment.
 

 [8]
 

 ."Trespass quare clausum fregit,”
 
 as alleged by the plaintiffs, is defined as "[a] person's unlawful entry on another’s land that is visibly enclosed.”
 
 Black’s Law Dictionary
 
 1542 (8th ed.2004).
 
 Trespass quare clausum fregit
 
 is also termed "trespass to real property” and "trespass to land.”
 
 Id. See also Harding v. Bethesda Reg'l Cancer Treatment Ctr.,
 
 551 So.2d 299, 301 (Ala.1989) ("Intrusion upon land possessed by a plaintiff, without his consent, is an essential element of trespass
 
 quare clausum fregit.”).
 

 [9]
 

 . Because there is no substantial evidence indicating that Ala West-AL violated §§ 13A-7-23 and -23.1(b), we do not address the question whether the violation of those criminal statutes gives rise to a civil cause of action in favor of the victim.
 

 [10]
 

 . It is undisputed that the plaintiffs were not parties to the contract between Ala West-AL and Taylor Logging.
 

 [11]
 

 . The Alabama Legislature subsequently repealed § 6-2-39.
 
 See
 
 Act No. 85-39, Ala. Acts 1985.
 

 [12]
 

 . A cause of action for trespass is governed by a six-year statute of limitations, § 6-2-34(2), Ala.Code 1975; a cause of action for trespass on the case is governed by a two-year statute of limitations, 6-2-38(1), Ala.Code 1975.
 

 [13]
 

 . Again, we emphasize that we do not hold, and this opinion should not be construed to hold, that the violation of §§ 13A-7-23 and -23.1(b) gives rise to a civil cause of action in favor of the victim.
 
 See
 
 note 9, supra.