DONALDSON, Judge.
George R. McCall (“Mr. McCall”) appeals from an order of the Autauga Circuit Court dismissing his complaint against Household Finance Corporation. We affirm.

Facts

Mr. McCall’s Statement of the Facts does not contain citations to the record as required by Rule 28(a)(7) and (g), Ala. R.App. P. Because this is an appeal from the dismissal of a complaint, however, the pertinent facts are those contained in the complaint.
The original complaint, filed November 11, 2011, described the plaintiff as “Ethel McCall, agent for George R. McCall,” and the defendant as “Household Finance Corporation.” A document signed by Mr. McCall naming his wife Ethel as his attorney-in-fact was attached to the complaint as an exhibit. In the complaint, Mr. McCall claimed he obtained a loan from Household Finance Corporation in July of 1996 that was secured by a mortgage on Mr. McCall’s home. He claimed that the loan was approved for $32,000 but that he only received $15,000 of the proceeds at that time with the remaining $17,000 available to him in the future. Mr. McCall further claimed that he “was never told the loan was a line of credit” or “that the loan was like a credit card.” He alleged that “[o]ver a time frame of 10 years of paying $250-$400 per month, [he] realized that the balance was not decreasing.” He further alleged that “had [he] been aware that the loan was like a credit card, [he] would have used his bank as a lender.” Attached to the complaint was a document Household Finance had sent to Mr. McCall dated February 12, 2009, which detailed the history of the loan including numerous additional cash advances. Another letter from Household Finance, dated August 4, 2011, was also attached to the complaint, providing additional details of cash advances allegedly occurring in 1997 and 1998. Mr. McCall denied receiving those *834 advances but agreed that he had received a $2,000 cash advance in August 1997.
Count one of the complaint purported to allege a cause of action for breach of contract, although it is sprinkled with references to fraud as well. In this count, Mr. McCall claimed that in July 1996, Household Finance “promised that [he] would only be responsible for the initial loan plus any cash advances and that [he] would be able to pay the loan off in ten (10) years.” Mr. McCall further claimed that Household Finance “fraudulently charged [him] for advances he did not receive and it was realized that the loan as set up would not pay off, the contract was breached [sic].”
In count two, Mr. McCall attempted to state a cause of action for fraud by alleging that he was “promised” that the 1996 loan would pay off in ten years. That promise allegedly occurred when the loan was obtained in 1996, although it is unclear whether it occurred before or after the loan documents were executed. Mr. McCall claimed that Household Finance “had no intention to set a loan up that [Mr. McCall] could repay.”.
In count three, Mr. McCall claimed Household Finance intentionally inflicted emotional distress on him by representing that the loan would be discharged in ten years, and by calling him at inappropriate times including Sundays.
Household Finance filed a motion to dismiss the complaint on December 13, 2011. The motion pointed out that the correct name of the intended defendant was “Household Financial Corporation of Alabama.” The motion asserted that all of the claims were barred by the applicable statute of limitations, and that the count alleging intentional infliction of emotional distress failed to state a claim upon which relief could be granted under Alabama law.
On January 12, 2012, while the motion to dismiss was pending, Mr. McCall filed a motion to amend the complaint. The motion did not indicate the purpose or nature of the proposed amendment, nor was a proposed amendment attached. Household Finance filed an objection to the motion on March 9, 2012.
The hearing on the motion to dismiss and the motion to amend was continued several times. On May 11, 2012, Mr. McCall submitted a response to the objection to the amendment filed by Household Finance and attached a proposed amended complaint. The proposed amended complaint appears only to change the description of the plaintiff to “George R. McCall, by Ethel McCall under Power of Attorney,” and to change the name of the defendant to “Household Financial Corporation of Alabama.” It appears that Ethel McCall was not a party to the loan transactions and was named only in a representative capacity as Mr. McCall’s attorney-in-fact. On May 14, 2012, the trial court granted the motion to dismiss filed by Household Finance without specifying the grounds for dismissal and without ruling on Mr. McCall’s motion to amend the complaint. The order simply stated that the motion to dismiss was granted and the case was “dismissed in its entirety.” On May 21, 2012, the trial court entered an order granting Mr. McCall’s motion to amend, but it rescinded the order on May 23, 2012.
Mr. McCall filed a timely appeal on June 14, 2012, from the May 14 order dismissing the complaint.

Standard of Review

The complaint was dismissed pursuant to Rule 12(b)(6), Ala. R. Civ. P., based solely on the allegations contained in the complaint, which included the exhibits. See Rule 10(c), Ala. R. Civ. P. Therefore, we apply no presumption of correctness on appeal:
*835 “ ‘In Nance v. Matthews, 622 So.2d 297 (Ala.1993), [the supreme court] stated the standard of review applicable to a ruling on a motion to dismiss:
“ ‘ “On appeal, a dismissal is not entitled to a presumption of correctness. The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader’s favor, it appears that the pleader could prove any set of circumstances that would entitle [it] to relief. In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether [it] may possibly prevail. We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.”
“ ‘622 So.2d at 299 (citations omitted).’ “Knox v. Western World Ins. Co., 893 So.2d 321, 322 (Ala.2004).”
Westwind Technologies, Inc. v. Jones, 925 So.2d 166, 170-171 (Ala.2005).
On appeal, Mr. McCall contends that the breach-of-contract and fraud counts were not barred by the applicable statute of limitations and that the intentional-infliction-of-emotional-distress count sufficiently stated a cause of action upon which relief could be granted. He also contends that the motion to amend the complaint should have been granted. We address the amended complaint first.
Rule 15(a), Ala. R. Civ. P., provides that amendments to a complaint may be made without leave of court unless the case has been set for trial:
“Unless a court has ordered otherwise, a party may amend a pleading without leave of court, but subject to disallowance on the court’s own motion or a motion to strike of an adverse party, at any time more than forty-two (42) days before the first setting of the case for trial, and such amendment shall be freely allowed when justice so requires.”
Mr. McCall could have filed the amended complaint rather than filing a motion to amend even though a motion to dismiss the original complaint was pending. See In re Colonial Ltd. P’ship Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (“It frequently happens in the district court that a plaintiff amends its complaint while a motion to dismiss is pending”), quoted with approval in Ex parte Puccio, 923 So.2d 1069 (Ala.2005) (discussing the effect of an amended complaint filed while a motion to dismiss the original complaint is pending). On appeal, Mr. McCall states the proposed amendment would have “clean[ed]-up technical parts” and would not have made any substantive changes to the allegations.” Appellant’s brief, p. 20. The only purpose of the amendment was to change the descriptions of the plaintiff and defendant. Both parties appear to agree that Mr. McCall is the intended plaintiff and Household Financial Corporation of Alabama is the correct name of the defendant. Therefore, any error in failing to grant the motion to amend before ruling on the motion to dismiss is harmless as the proper parties were before the court. See Rule 45, Ala. R.App. P.

Breach-of-Cantract Claim

In count one, Mr. McCall attempted to state a cause of action for breach of contract. The allegations of the complaint are somewhat contradictory in that Mr. McCall claimed there “was not a meeting of the minds.” The claim was dismissed based on the statute of limitations applicable to contract actions of six years. § 6-2-34(9), Ala.Code 1975. Such a defense *836 must be clearly established from the face of the pleading. Crosslin v. Health Care Auth. of Huntsville, 5 So.3d 1193 (Ala.2008). This Court has stated:
“‘The statute of limitations on a contract action runs from the time a breach occurs rather than from the time actual damage is sustained.’ AC, Inc. v. Baker, 622 So.2d 331, 335 (Ala.1993).
“ ‘ “Breach” consists of the failure without legal excuse to perform any promise forming the whole or part of the contract. 17 Am.Jur.2d Contracts § 441 at 897. Where the defendant has agreed under the contract to do a particular thing, there is a breach and the right of action is complete upon his failure to do the particular thing he agreed to do. 17 Am.Jur.2d, supra.’
“Seybold v. Magnolia Land Co., 376 So.2d 1083, 1085 (Ala.1979).”
Martin v. Hodges Chapel, LLC, 89 So.3d 756, 767 (Ala.Civ.App.2011).
Mr. McCall’s complaint repeatedly asserts that the repayment plan for the loan was not set up as he anticipated at the inception of the parties’ relationship, i.e., in 1996. He further claims that he made regular payments as required by the loan agreement, but the balance of the loan did not decrease as he expected. Based on these allegations, the breach, if any, occurred in 1996 and the six-year statute of limitations had expired by the time the complaint was filed in 2011. Mr. McCall states that “the contract might have been breached from its inception; however, the Plaintiff was not aware of the breach at the inception of the contract.” Although it is not entirely clear from the complaint or from his argument on appeal, it appears Mr. McCall claims that the statute of limitations would not begin to run until the loan did not pay off in 2006. This would be an element of damage, however, and does not extend the time for filing a complaint for a precedent breach. Stephens v. Creel, 429 So.2d 278 (Ala.1983) (the statute of limitations for breach of contract begins to run when the breach occurs even if it precedes any actual damage).
With respect to the claim of breach of contract regarding the allegedly unauthorized advances on the loan in 1997 and 1998, Mr. McCall asserts that “[t]he contract was breached each time the Defendant alleged that the Defendant received an advance.” Since the advances allegedly occurred in 1997 and 1998, this claim is likewise time-barred under § 6-2-34(9).
Alternatively, Mr. McCall argues that the breach-of-contract count was timely because Household Finance committed “successive” breaches each time his loan payment was not applied in the manner he anticipated, with the final breach occurring in 2006 when the loan was not paid off as he expected. See, e.g., AC, Inc. v. Baker, 622 So.2d 331 (Ala.1993) (discussing, but not accepting, the concept of a “continuing contract” theory). But, Mr. McCall’s passing argument does not comport with the allegations of the complaint that the loan was not initially set up in the manner Mr. McCall anticipated and, therefore, fails.

Fraud

Viewing the allegations of the complaint most favorably to Mr. McCall as required, count two alleges that he was told something about the loan that was inconsistent with the terms of the documents he executed. Mr. McCall failed to specify whether this alleged misrepresentation occurred before or after the documents were signed. Nevertheless, any claim of fraud is barred by the applicable two-year statute of limitations as the complaint affirmatively shows the misrepresentation, if any, occurred in 1996. See *837 § 6-2-38(1), Ala.Code 1975. Mr. McCall asserts on appeal he was merely inquiring about the loan and the balance owed when he contacted Household Finance in 2009, and did not believe he had been defrauded until 2010. Mr. McCall did not allege any facts in the complaint that would support the application of § 6-2-3, Ala.Code 1975, to suspend or toll the time period for filing a fraud claim, and he does not raise that argument on appeal. See Smith v. National Sec. Ins. Co., 860 So.2d 343, 346 (Ala.2003) (“When ... the plaintiffs case is barred by the statute of limitations, the complaint must also show that he or she falls within the savings clause.”). Nor would the facts alleged in the complaint support such an allegation even if it had been asserted, because the February 2009 letter provided all details of the loan that formed the basis of his complaint. Because the complaint containing the fraud count was not filed until November 2011, approximately 15 years after the alleged misrepresentation and more than 2 years after Household Finance had provided Mr. McCall with a letter containing the details of the loan history, the trial court properly dismissed that count.

Intentional Infliction of Emotional Distress

Mr. McCall has cited no authority in support of the assertion that the trial court’s dismissal of the count alleging intentional infliction of emotional distress was erroneous. The failure to properly support this argument on appeal leaves this court with nothing to review and precludes our consideration of the argument.
“Rule 28(a)(10)[, Ala. R.App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party’s position. If they do not, the arguments are waived. Moore v. Prudential Residential Servs. Ltd. P’ship, 849 So.2d 914, 923 (Ala.2002); Arrington v. Mathis, 929 So.2d 468, 470 n. 2 (Ala.Civ.App.2005); Hamm v. State, 913 So.2d 460, 486 (Ala.Crim.App.2002). ‘This is so, because “ ‘it is not the function of this Court to do a party’s legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.’ ” ’ Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So.2d 1, 9 (Ala.2007) (quoting Butler v. Town of Argo, 871 So.2d 1, 20 (Ala.2003), quoting in turn Dykes v. Lane Trucking, Inc., 652 So.2d 248, 251 (Ala.1994)).”
White Sands Group, L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008).
Nevertheless, we note that the allegations of the complaint are insufficient to state a claim for relief under this theory of liability, which is also known as the tort of outrage. Ex parte Bole, 103 So.3d 40 (Ala.2012); Chaney v. Ala West-AL, LLC, 22 So.3d 488 (Ala.Civ.App.2008). In count three, Mr. McCall claims that Household Finance “harassed” him by telephoning him at inappropriate times and on Sundays. The complaint failed to specify when the allegedly harassing telephone calls occurred and failed to specify the allegedly harassing content of any of the telephone calls. The complaint did not allege the type of egregious conduct that would support a claim for the tort of outrage or intentional infliction of emotional distress. See Ex parte Bole, supra (discussing the extremely limited circumstances in which the cause of action would be sustainable). Further, we note that Mr. McCall does not assert on appeal that he should have been permitted to amend the complaint further, nor did he provide any additional allegations regarding this count in his proposed amendment to the complaint in the trial court.

*838
Conclusion

Although dismissal of a complaint under Rule 12(b)(6), Ala. R. Civ. P., is rarely appropriate, the allegations of breach of contract and fraud were barred by the applicable statute of limitations from the face of the complaint and attached exhibits. As to the claim alleging intentional infliction of emotional distress, Mr. McCall waived this argument by failing to comply with Rule 28(a)(10), Ala. R.App. P. Moreover, that claim was insufficiently pleaded as a matter of law. Therefore, we affirm the dismissal of the complaint.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.